IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

      Plaintiff,                                                       No. 1:22-cv-01043(APM)

      v.

SUBLEASE INTEREST PERTAINING TO
DESCRIBED LEASEHOLD INTERESTS
AT WASHINGTON UNION STATION, et al.

      Defendants.

------------------------------------------

## ANSWER TO COMPLAINT FOR CONDEMNATION

Pursuant to Federal Rule of Civil Procedure 71.1(e)(2), Union Station Investco LLC ("Defendant" or "USI"), by and through its undersigned counsel, submits this Answer to the Complaint for Condemnation filed by National Railroad Passenger Corporation ("Amtrak"), and states as follows:

## RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

1. Defendant admits that Amtrak seeks to acquire the Subject Property Interest through this action and that Amtrak currently subleases a portion of Union Station for its rail operation. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statute for its full import and meaning. Defendant denies any remaining allegations contained in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the

1

cited statute for its full import and meaning. Defendant denies any remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant respectfully refers the Court to the cited document for its full import and meaning.

5. Defendant admits that the Northeast Corridor connects eight states and the District of Columbia, with rail stations to the south, east, and west of the District of Columbia. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies any remaining allegations contained in paragraph 5 of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

   A. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5(A) of the Complaint.

   B. Defendant admits that the Northeast Corridor serves Washington, D.C., Boston, Harrisburg, Springfield, Albany, and Richmond. Defendant denies any remaining allegations contained in paragraph 5(B) of the Complaint.

   C. Defendant denies the allegations contained in paragraph 5(C) of the Complaint and respectfully refers the Court to the document referenced therein for its full import and meaning.

   D. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 5(D) of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

      A.     Defendant admits a rail passenger entering WUS through the main entrance of the Station enters through a large and expansive Main Hall, the original train waiting area, that is flanked by an East Hall and a West Hall (with both halls being part of the Subject Property Interest) and that the Main Hall is shown in the photograph following paragraph 7(A) of the Complaint.  Defendant denies any remaining allegations contained in paragraph 7(A) of the Complaint.

      B.     Defendant admits that after traversing the Main Hall, a rail passenger may then pass through the doors shown in the picture following paragraph 7(B) of the Complaint. Defendant denies any remaining allegations contained in paragraph 7(B) of the Complaint.

      C.     Defendant admits that rail passengers needing tickets can stop at the Amtrak ticket counter located in a portion of the area north of the Main Hall and surrounded by retail establishments and admits the ticket counter is depicted in the photograph following paragraph 7(C) of the Complaint. .

      D.     Defendant admits that passengers can wait for and/or board a train from the Claytor Concourse and that the photograph following paragraph 7(D) of the Complaint represents a view of the Claytor Concourse. Defendant denies any remaining allegations contained in paragraph 7(D) of the Complaint.

      8.     Defendant admits the historical significance of Union Station. Defendant denies any remaining allegations contained in paragraph 8 of the Complaint.

      9.     Defendant admits that more than 40 years ago heavy rain caused damage to WUS's roof, causing the Station to close for a period of time. Defendant denies any remaining allegations contained in paragraph 9 of the Complaint and respectfully refers the Court to the cited document for its full import and meaning.

10.     Paragraph 10 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited statute for its full import and meaning.  Defendant denies any remaining allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits that the United States is the owner of WUS.  Defendant denies any remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits the United States leased the entirety of the Station to Union Station Redevelopment Corporation ("USRC") in 1985 but respectfully refers the Court to the agreement for its full terms.  Defendant denies any remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendant admits that in 1985, USRC subleased most of its interests in the Station to Union Station Venture, Ltd. ("USV"), which then assigned the USV subleased interests to USVII in 2004, but respectfully refers the Court to the agreements for the full terms.  Defendant denies any remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendant admits USVII subsequently assigned its rights in and to the subleased interests to USI in 2007 and that USI's subleasing rights and obligations at WUS extend until October 30, 2084, but respectfully refers the Court to the agreements for the full terms.  Defendant denies any remaining allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     The first two sentences of Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies such allegations and respectfully refers the Court to the cited statute for its full import and

meaning. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant admits Defendant is a limited liability company organized under the laws of the State of Delaware and that Defendant is the current owner of the Subject Property Interest. Defendant denies any remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant admits USSM is a limited liability company but lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint. The management of Defendant recently changed upon the exercise of certain rights and remedies granted to Defendant's lender and Defendant's new manager recently retained undersigned counsel. Defendant reserves the right to supplement this pleading as it gains access to institutional knowledge.

19. Defendant admits that Kookmin, as a trustee of KTB CRE Debt Fund No. 8, a Korean investment trust, holds an interest in the Subject Property Interest. Defendant admits that there are no pending foreclosure proceedings on the leasehold interest or any sale or conveyance of Kookmin's interest in the Subject Property Interest. Defendant admits that Kookmin has not assigned, transferred, or conveyed its interest in the Subject Property Interest. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint and respectfully refers the Court to the cited documents for their full import and meaning.

20. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint is a legal conclusion to which no response is required.

23. Paragraph 23 of the Complaint is a legal conclusion to which no response is required.

24. Defendant admits that the Subject Property Interest is located in the judicial district of the District of Columbia. Paragraph 24 of the Complaint is otherwise a legal conclusion to which no response is required.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint and respectfully refers the Court to the cited documents for their full import and meaning.

29. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendants lacks knowledge sufficient to form a belief about the truth of the allegations in the first sentence contained in paragraph 30 of the Complaint. Defendant denies any remaining allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

   A. Defendant denies the allegations contained in paragraph 32(A) of the Complaint and respectfully refers the Court to the cited website for its full import and meaning.

33.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint.

34.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 34 of the Complaint.  Defendant denies any remaining allegations in paragraph 34 of the Complaint.

35.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains future speculation that is impossible to admit or deny, thus no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant admits that Amtrak operates the trains described in paragraph 40 of the Complaint for the Northeast Corridor, National Network, and State-Supported service. Defendant denies any remaining allegations contained in paragraph 40 of the Complaint and respectfully refers the Court to the cited document for its full import and meaning.

41.     Defendant admits that Claytor Concourse is the designated waiting area for passengers of Amtrak.  Defendant denies any remaining allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendants lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint and respectfully refers the Court to the cited document for its full import and meaning.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint and respectfully refers the Court to the cited websites for their full import and meaning.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

   A. Defendant denies the allegations contained in paragraph 49(A) of the Complaint.

   B. Defendant denies the allegations contained in paragraph 49(B) of the Complaint.

   C. Defendant denies the allegations contained in paragraph 49(C) of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

   A. Defendant admits that heavy rain caused damage to the Station's roof in 1981 and that an earthquake caused damage in 2011. Defendant admits that these types of natural disasters require urgent action to maintain public safety and preserve the Station. Defendant denies any remaining allegations contained in paragraph 50(A) of the Complaint.

B. Defendant admits that the Station was subject to vandalism in January 2022. Defendant denies any remaining allegations contained in paragraph 50(B) of the Complaint.

(i) Defendant admits that the west-facing front passenger arcade contained some of this offensive graffiti, which was rectified shortly after it was discovered. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 50(B)(i) of the Complaint regarding how Amtrak perceived the graffiti and how the public perceived Amtrak, the Station, or their experience at the Station due to the graffiti. Defendant denies the remaining allegations contained in paragraph 50(B)(i) of the Complaint.

(ii) Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegation regarding Amtrak's expertise and experience with historic preservation. Defendant denies the remaining allegations contained in paragraph 50(B)(ii) of the Complaint.

C. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations regarding future emergent events. Paragraph 50(C) of the Complaint contains additional future speculation to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 50(C) of the Complaint.

51. Paragraph 51 of the Complaint contains future speculation to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 51 of the Complaint.

      A.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 51(A) of the Complaint. The management of Defendant recently changed upon the exercise of certain rights and remedies granted to Defendant's lender and Defendant's new manager recently retained undersigned counsel. Defendant reserves the right to supplement this pleading as it gains access to institutional knowledge.

      B.    Defendant admits that the Condemnee was subject to two foreclosure actions that were scheduled but cancelled. Defendant denies any remaining allegations contained in paragraph 51(B).

      C.    Defendant denies the allegations contained in paragraph 51(C) of the Complaint.

      D.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 51(D) of the Complaint.

      E.    Paragraph 51(E) of the Complaint contains future speculation to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 51(E) of the Complaint.

52.    Paragraph 52 of the Complaint contains future speculation to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains future speculation to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains future speculation to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

    A. Paragraph 57(A) quotes a statute, thus no response is required. If a response is required, Defendant denies the allegations contained in paragraph 57(A) of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

    B. Paragraph 57(B) quotes a statute, thus no response is required. If a response is required, Defendant denies the allegations contained in paragraph 57(B) of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

    C. Paragraph 57(C) quotes a statute, thus no response is required. If a response is required, Defendant denies the allegations contained in paragraph 57(C) of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

    D. Paragraph 57(D) quotes a statute, thus no response is required. If a response is required, Defendant denies the allegations contained in paragraph 57(D) of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

    E. Paragraph 57(E) quotes a statute, thus no response is required. If a response is required, Defendant denies the allegations contained in paragraph 57(E) of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

F.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 57(F) of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains future speculation to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains future speculation and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 62 of the Complaint and respectfully refers the Court to the cited statute for its full import and meaning.

63. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant admits that Amtrak deposited $250 million with the Court. Defendant denies the remaining allegations in paragraph 66 of the Complaint.

67. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the Complaint.

68. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 69 of the Complaint.

70. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 70 of the Complaint. The management of Defendant recently changed upon the exercise of certain rights and remedies granted to Defendant's lender and Defendant's new manager recently retained undersigned counsel. Defendant reserves the right to supplement this pleading as it gains access to institutional knowledge.

71. Defendant admits the allegations contained in paragraph 71 of the Complaint.

72. Defendant admits that Amtrak did not purchase the Subject Property Interest. Defendant denies any additional allegations contained in paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint quotes a statute and contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 75 of the Complaint and objects to the requested relief therein.

76. Paragraph 76 of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 76 of the Complaint and objects to the requested relief therein.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 78 of the Complaint and objects to the requested relief therein.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 78 of the Complaint and objects to the requested relief therein.

80. Paragraph 80 of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 80 of the Complaint and objects to the requested relief therein.

81. Paragraph 81 of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 81 of the Complaint and objects to the requested relief therein.

82. Paragraph 82 of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 82 of the Complaint and objects to the requested relief therein.

The Wherefore Clause of the Complaint contains requests for relief to which no response is required. To the extent a response is required, Defendant denies Amtrak is entitled to the relief and objects to the requested relief therein.

## DEFENDANT'S OBJECTIONS AND DEFENSES TO THE TAKING PURSUANT TO FED. R. CIV. P. 71.1(e)(2)

In the sections that follow, pursuant to FRCP 71.1(e)(2), USI (a), identifies the property in which it claims an interest, (2) states the nature and extent of USI's interest, and (3) states USI's objections and defenses to Amtrak's wrongful attempted taking.

### A. The Property in Which USI Claims an Interest

USI claims an interest in the entirety of the Subject Property Interest (as Amtrak attempts to define in the Complaint), which consists of Union Station located at 50 Massachusetts Avenue, NE in the District of Columbia.

### B. Nature and Extent of USI's Interest

As evidenced by the Complaint, it is undisputed that USI is the lessee under a long-term lease for the entirety of Union Station; including by way of example, all concourses, retail establishments, and other commercial space. There are more than sixty-two (62) years remaining on USI's lease. Currently USI sub-leases less than fifteen percent (15%) of Union Station to Amtrak for its operation of rail services. USI is also the current operator and sub-landlord of Union Station.

### C. USI's Objections and Defenses to Taking

As an initial matter, USI hereby adopts and joins in the objections and defenses explained in detail throughout Kookmin's Answer to Complaint for Condemnation ("Kookmin's Answer") (D.I. 35). To avoid repetition, USI will not restate each of Kookmin's objections and defenses, but will instead provide a brief summary of USI's objections and defenses as follows:

1.      As explained in detail at pp. 32-34 of Kookmin's Answer, Amtrak's attempted taking exceeds the limited statutory authority under 49 U.S.C. § 24311 because, *inter alia*, the Subject Property Interest is not "necessary for intercity rail passenger transportation." Amtrak's sudden attempt to takeover the operation of the entirety of Union Station is not "necessary" to Amtrak's operation, as evidenced by, among other things, fifty years of Amtrak operating out of less than fifteen percent (15%) of Union Station without ever claiming that it is "necessary" for Amtrak to control the entire station.

In sum, using the "need" for capital improvements as a pretext, it appears Amtrak is attempting to wrongfully use its limited condemnation power to obtain a property interest for financially motivated reasons, rather than any "need" by Amtrak to provide the public intercity rail travel, as statutorily required. *See* 49 U.S.C. § 24311(a)(1)(A)

2.      Amtrak failed to attempt to acquire the Subject Property Interest by contract or agree with the owner on the purchase price, which is an express statutory condition precedent to a taking. *See* 49 U.S.C. § 24311(a)(2). While it is true Amtrak submitted an "offer" to USI for its consideration, the offer was not a bona fide good faith offer. Far from it. Amtrak "offered" USI Two Hundred Fifty Million Dollars ($250,000,000); however, based on a recent valuation, upon information and belief, the current market value of the Subject Property Interest is at least Seven Hundred Million Dollars ($700,000,000). Rather than enter into good faith negotiations for a fair price, Amtrak waited a mere week following its lowball offer before filing the instant action seeking to seize control of Union Station, a National Landmark with improving retail space, for a fraction of its value.

Amtrak's attempted taking is especially egregious given Amtrak was well aware that for the past two years, like businesses throughout the world, USI expended significant funds and

incurred significant losses surviving the COVID-19 pandemic and related shutdowns.[1]  Amtrak knew or should have known before filing this action that recently, as a result of USI's efforts, necessary concessions, and significant expenditures, rental income and other business is continuing to improve with each passing day.

In other words, Amtrak sat back and watched USI painstakingly navigate Union Station through a global pandemic, only to swoop in and attempt to take the station from USI for pennies on the dollar, when things began to improve.  Federal law permits no such seemingly financially motivated bad faith taking.

3. As noted above, Amtrak's estimated fair market value of Two Hundred Fifty Million Dollars ($250,000,000), which it deposited with the Court, is far from "just" compensation. Not only is Amtrak aware of a recent valuation of Seven Hundred Million Dollars ($700,000,000), it also knew before filing this action that less than six months ago, the senior debt secured by the Subject Property Interest was purchased for Three Hundred Fifty-Eight Million Dollars ($358,000,000).  In other words, it is impossible to believe that Amtrak in good faith truly believes its offer of slightly more than one-third of market value is reasonable.

4. Amtrak's Declaration does not meet the statutory requirements because, for example, it (a) is not executed by a person with authority to acquire the property, (b) does not reflect that Amtrak satisfied the statutory requirements, (c) fails to provide an accurate statement of reasons for the taking, (d) does not set forth a reasonable estimate of just compensation, and (e) does not confirm Amtrak's authority or ability to pay an award of just compensation.

---

[1] Union Station was particularly impacted, in fact nearly paralyzed, by the pandemic which essentially halted public transportation and forced the closure of retail establishments, restaurants, and office space. Amtrak of course knew full well the severe and lasting impact the pandemic had, and it continues to have, on Union Station.

5.        Amtrak should not be given immediate access to the Subject Property Interest. Amtrak attempts to put the proverbial cart way in front of the horse. Amtrak essentially asks for the drastic remedy of compelling USI to provide access to its confidential business information before Amtrak has even begun to attempt to <u>prove</u> its case. Amtrak undoubtedly carries the burden of proof and its attempt to summarily seize control should be rejected. Amtrak cannot provide evidence that the current operator of Union Station is inadequate or deficient.  Instead, Union Station has been in operation, continues to improve, and is beginning to minimize the negative financial impacts of the pandemic.  There is no basis in the law or facts for Amtrak's request for essentially summary judgment on possession of the Subject Property Interest.

6.        Amtrak failed to follow its own procedures in determining the alleged "need" to take Union Station.  For example, upon information and belief, Amtrak failed to, (a) secure grant funding from the Federal Railroad Administration to pay fair market value, (b) accurately estimate costs and benefits, and (c) identify risks of acquiring the Subject Property Interest.

7.        Amtrak's attempt to summarily take the Subject Property Interest without strictly adhering to the letter or spirit of the statutory requirements violates the Due Process Clause, with respect to both substantive and procedural due process, and the Takings Clause of the Fifth Amendment of the United States Constitution.

      /s/ Brian M. Boyle
Thomas M. Wood IV, DC Bar #426879
Brian M. Boyle, DC Bar #999925
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
tmw@nqgrg.com
bmb@nqgrg.com
410-332-8523 (Direct)
410-332-8564 (Fax)

*Attorneys for Union Station Investco LLC*