# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)<br><br>　　　PLAINTIFF,<br><br>v.<br><br>UNION STATION INVESTCO, LLC, et al.<br><br>　　　DEFENDANTS. | CIVIL ACTION NO. 1:22-CV-01043 |

**BRIEF OF PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION RELATED TO AMTRAK'S LEGAL STATUS IN CONNECTION WITH DEFENDANTS UNION STATION INVESTCO LLC'S AND UNION STATION SOLE MEMBER LLC'S MOTION TO STRIKE**

Plaintiff National Railroad Passenger Corporation ("Amtrak"), through undersigned counsel, submits this brief for the sole purpose of correcting the record as to Amtrak's legal status. Defendants Union Station Investco LLC and Union Station Sole Member LLC ("Defendants") argue in the Memorandum supporting their Motion that the Court should reject the Lender's claim of authority because it would result in a voidable assignment under the Anti-Assignment Act. *See* Memorandum (Dkt. #55-1) at 19.  In support of that argument, Defendants claim that "[i]n 2015, the Supreme Court held that Amtrak was a government entity, rather than an autonomous private company, and reiterated that Amtrak is subject to certain of the same restrictions that apply to conduct by a government actor, such as the First Amendment." *Id.* at 19 n.12 (citing *Dep't of Trans. v. Assoc. of Am. Railroads*, 575 U.S. 43, 53-54 (2015)).  Though this point is secondary and need not be addressed to decide Defendants' Motion, Amtrak submits this brief to ensure that this misstatement of law does not go uncorrected.

-1-

Amtrak is not "a government entity" as Defendants suggest. Rather, "since the company was created in 1971…Amtrak's organic statute has flatly stated that the company 'is not a department, agency, or instrumentality of the United States Government.'" *United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 491 (D.C. Cir. 2004) (Roberts, J.) (quoting 49 U.S.C. § 24301(a)(3)). Indeed, Amtrak operates pursuant to a statutory directive to "operate[] … as a for-profit corporation." 49 U.S.C. § 24301(a)(2).

To be sure, the Supreme Court has twice held that Amtrak is part of "the government" for purposes of certain constitutional claims. In *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374, 400 (1995), the Court held that Amtrak was part of the government for First Amendment purposes. And in *Department of Transportation v. Association of American Railroads*, 575 U.S. 43 (2015), the Court held that, "in its joint issuance of [] metrics and standards with the [Federal Railroad Administration], Amtrak acted as a governmental entity for purposes of the Constitution's separation of powers provisions." *Id.* at 53-54. However, neither decision holds that Amtrak is "a government entity" writ large, as Defendants suggest.

First, *Lebron* makes clear that while Amtrak's organic statute does not determine Amtrak's status as a government entity for First Amendment purposes, it "is assuredly dispositive of Amtrak's status as a Government entity for purposes of matters that are within Congress's control—for example, whether it is subject to statutes that impose obligations or confer powers upon Government entities, such as the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (1988 ed. and Supp. V), the Federal Advisory Committee Act, 5 U.S.C. App. § 1 *et seq.,* and the laws governing Government procurement, *see* 41 U.S.C. § 5 *et seq.* (1988 ed. and Supp. V)." 513 U.S. at 392. Amtrak thus is not "a government entity" for all purposes—and specifically, is not a government entity pursuant to statutory law.

Second, the Court in *Association of American Railroads* took pains again to limit its holding. It held only "that Amtrak is a governmental entity, not a private one, *for purposes of determining the constitutional issues presented in this case*." 575 U.S. at 55 (emphasis added). The issues presented in that case involved whether Amtrak's participation in a rulemaking proceeding with the Federal Railroad Administration violated constitutional separation-of-powers principles. The Court did not purport to hold that Amtrak is part of the government for all purposes.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION**

/s Patricia McHugh Lambert
Patricia McHugh Lambert, US DC Bar ID MD0008
Kambon R. Williams, US DC Bar ID MD29872
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
Telephone: 410-938-8800
Fax: 410-832-5650
plambert@pklaw.com
kwilliams@pklaw.com


/s Lindsay C. Harrison
Lindsay C. Harrison, DC Bar #977407
Jessica Ring Amunson, DC Bar #497223
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
Telephone: 202-639-6000
Fax: 202-639-6066
lharrison@jenner.com
jamunson@jenner.com