**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | ) ) ) | |
| PLAINTIFF, | ) ) | CIVIL ACTION NO. 1:22-CV-01043 |
| v. | ) ) | |
| UNION STATION INVESTCO, LLC, et al. | ) ) | |
| DEFENDANTS. | ) ) | |

**PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION'S LIMITED
OPPOSITION TO KOOKMIN BANK CO. LTD'S REQUEST TO SCHEDULE
HEARING**

Plaintiff National Railroad Passenger Corporation ("Amtrak"), through undersigned counsel, respectfully requests that any hearing regarding Defendant Kookmin Bank Co., Ltd.'s Emergency Motion filed on Friday, June 24, 2022 (Dkt No. 59) occur after the parties have had an opportunity to submit responses, which Amtrak intends to file on Friday, July 8, 2022, in accordance with Local Rule 7(b).  Given that the relief Kookmin Bank seeks is grounded in this Court's authority to set the "terms under which possession of the property is given to Amtrak," 49 U.S.C. § 24311(b)(2)(A), Amtrak believes that the prudent course is to wait until Amtrak's motion for possession is fully briefed and the Court can hear all the possession issues together.

Amtrak does not presently perceive any threat to safety or stability at the Station.  The communications with JLL attached to Kookmin's Motion appear to reflect JLL's continued willingness to manage the Station under the existing agreement.  *See* Ex. A to Scharf Declaration at 7 (June 17, 2022 Email from Lisa Fontoura to Michael Rebibo) (Dkt No. 62).  And the purported harm alleged from continuing that arrangement appears to be purely financial:  It appears that

Kookmin does not want to continue to fund expenses for the Station following the foreclosure sale. Yet Kookmin admits that "[f]or the past two years," USSM and its ownership "have not funded any of Union Station's operating expenses."   *See* Rebibo Declaration ¶ 25 (Dkt. No. 61). Kookmin's sudden desire to stop funding expenses at the Station ought not be used to manufacture some sort of irreparable harm meriting the Court's emergency attention.

Finally, as Amtrak previously explained in its Emergency Motion (Dkt No. 41), there are important safety and service interests that counsel in favor of maintaining the status quo until possession is finally transferred to Amtrak, which has already acquired the leasehold interest in the Station pursuant to 49 U.S.C. § 24311.  *See generally* Handera Declaration (Attachment 2 to Dkt. No. 41).

Accordingly, Amtrak does not oppose the Court holding a hearing on these issues, but believes they are best addressed together with the other possession issues on which the Court has set a briefing schedule.  Should an actual emergency situation arise that threatens safety or stability at the Station, Amtrak of course would reconsider whether there is a need for more urgent judicial intervention.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION**

/s Patricia McHugh Lambert
Patricia McHugh Lambert, US DC Bar ID MD0008
Kambon R. Williams, US DC Bar ID MD29872
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
Telephone: 410-938-8800
Fax: 410-832-5650

plambert@pklaw.com
kwilliams@pklaw.com


/s Lindsay C. Harrison
Lindsay C. Harrison, DC Bar #977407
Jessica Ring Amunson, DC Bar #497223
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
Telephone: 202-639-6000
Fax: 202-639-6066
lharrison@jenner.com
jamunson@jenner.com