UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),<br><br>    Plaintiff,<br><br>    v.<br><br>SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST MADE AS OF JANUARY 25, 2007, WITH SAID PROPERTY INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION, et al.,<br><br>    Defendants. | Case No. 22-cv-1043 (APM) |

## ORDER

Pursuant to the parties' Joint Status Report, ECF No. 107, the court orders the following with regard to further proceedings in this matter:

I. <u>Scheduling</u>

    A. USI, Lender and USSM shall provide Amtrak with the name of any nonparty that has or claims an interest in the Subject Property Interest, along with an explanation as to the claimed or actual interest by **June 17, 2024**. The deadline for joinder of parties, including defendants pursuant to Rule 71.1(c)(3), and amendments of pleadings is **June 24, 2024**.

    B. The parties shall serve requests for the production of documents by **July 1, 2024**. The parties shall serve written responses and objections on or before **August 1, 2024**, and shall complete their production of documents by **September 16, 2024**, unless extended by mutual agreement or court order.

        **The parties shall not serve more than thirty requests for production absent leave of court.**

    C. The parties shall submit a Joint Status Report regarding the status of discovery by **September 20, 2024**.

    D.    All fact witness depositions shall be taken by **October 31, 2024.**

    E.    Amtrak shall submit any expert report(s) it intends to rely upon by **November 21, 2024**. USI, Lender and USSM shall serve any expert report(s) they intend to rely upon by **December 23, 2024**.

    F.    Rebuttal expert reports must be served by the parties within the time limits set forth by Rule 26(a)(2)(D)(ii) or **January 30, 2025**, whichever is later.

    G.    The parties shall submit a Joint Status Report regarding the status of expert discovery by **February 3, 2025**.

    H.    All discovery shall conclude on **March 5, 2025**.

    I.    A Post-Discovery Status Conference is set for **March 12, 2025, at 10:00 a.m.** via videoconference.

    J.    Pretrial briefs shall be due by **March 26, 2025**. The pretrial briefs shall set forth (i) the relevant legal framework for determining just compensation, (ii) state the parties' positions on just compensation, and (iii) provide a factual summary of expected evidence at trial to support those positions. **The pretrial briefs shall not exceed 15 pages.**

    K.    The parties' Joint Pretrial Statement shall also be due by **March 26, 2025**. It shall contain (i) a schedule of expected witnesses, (ii) an exhibit list, (iii) stipulations reached by the parties, and (iv) designations of deposition testimony. Additionally, the parties shall identify any expected evidentiary issues that might arise at trial.

    L.    The parties shall appear for a Pretrial Conference on **April 2, 2025, at 9:30 a.m. in Courtroom 10**.

    M.    Trial in this matter shall commence on **April 7, 2025, at 9:30 a.m. in Courtroom 10**.

II.    <u>Adjusting the Schedule.</u>

    A.    The parties may <u>not</u> extend by stipulation the deadlines for the Joint Status Reports, the end of all discovery, and the pre-trial deadlines. As to those deadlines, the parties must seek an extension of time, preferably by filing a consent motion with the court. A motion to extend any deadline shall indicate whether any previous extensions were requested and granted.

    B.    The parties may modify all other interim deadlines by stipulation. If the parties cannot agree to a schedule modification, the party seeking additional time must file a motion and show good cause for the modification.

    C.    Likewise, a request for additional time to conduct discovery must be made on or before the discovery deadline. A request for an extension of time made after the discovery deadline will be considered untimely.

III.   Limits on Discovery.

Parties shall not exceed the numerical limitations placed on the various methods of discovery as set forth in the Federal Rules of Civil Procedure, unless granted leave by the court.

IV.   Discovery Disputes.

In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement. If the parties are unable to resolve the discovery dispute, then the parties shall jointly call Judge Mehta's chambers at (202) 354-3250, at which time the court will either rule on the issue or determine the manner in which it will be handled. The parties may not file a discovery motion without leave of court.

Disputes regarding discovery must be raised on or before the discovery deadline. Disputes raised after the deadline will be considered untimely.

V.   Settlement.

The parties are expected to continue to evaluate their respective cases for purposes of settlement. The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If the parties are interested in further pursuing these options, then they may contact chambers at any time.

Dated: May 9, 2024

_____
Amit P. Mehta
United States District Court Judge