IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** | * | |
| | * | **CIVIL ACTION NO. 1:22-CV-01043** |
| PLAINTIFF, | * | |
| v. | * | |
| **SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST, et al.** | * | |
| | * | |
| DEFENDANTS. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING MOTION FOR IMMEDIATE POSSESSION

For the reasons set forth in the Court's Memorandum Opinion dated April 17, 2024[1], the Court GRANTS the Motion for Immediate Possession filed by Plaintiff National Railroad Passenger Corporation ("Amtrak").

The Court directs Union Station Investco, LLC to turn over to Amtrak possession of the Subject Property Interest consistent with following terms and conditions:

1. <u>Transfer of Possession</u>:  Possession of the Subject Property Interest is transferred to Amtrak as of 12:01 a.m. on July 15, 2024, which shall be hereinafter referred to as the "Possession Date." This transfer of possession includes the transfer of rights of USI (or any other Defendant) in and to any subleases, leases and licenses, and all rents, other payments and security deposits relating thereto from the date of the Possession Date.

2. <u>Future Obligations and Future Liabilities</u>:  Beginning on the Possession Date,

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Memorandum Opinion dated April 17, 2024.

#13048928v2\029938\0002

Amtrak will be solely responsible for the performance of future obligations (i.e. obligations that accrue on or after the Possession Date, which shall hereinafter referred to as "Future Obligations") or liabilities arising after the Possession Date ("Future Liabilities") that USI would otherwise have had: (1) in connection with the Subject Property Interest; and (2) any sublease, lease, or license for a portion of the station that is a part of the Subject Property Interest and for which Amtrak is being granted possession.

3. <u>Jones Lang LaSalle</u>:  Prior to the Possession Date, Amtrak may contact Jones Lang LaSalle (JLL) concerning a future business relationship relating to the Subject Property Interest.

4. <u>Transfer of records, documents, and other materials relating to the operation of the Subject Property Interest in USI's possession, custody or control</u>: Information, records, documents, and other materials will be provided by Lender and USI to Amtrak as set forth below.  The information transferred will receive the same confidentiality protections as those set forth in the previously entered protective order, with the understanding that Amtrak may also use the information received for transition purposes and/or operational purposes with respect to the Subject Property Interest.

5. <u>Timing for the production of documents</u>:  On May 9, 2024, Amtrak provided to USI and Lender a document itemizing the documents, reports, spreadsheets, contracts, and other materials that Amtrak would like to receive from USI and Lender in connection with this transition efforts. USI and Lender shall create and furnish a data room to be available to Amtrak with the requested documents.  Consistent with the previously entered protective order and the prior paragraph, Amtrak shall have the right to download and use documents from the data room. USI and Lender shall begin producing documents immediately following entry of this Order. Leases and licenses, and their modifications and amendments, as well as the last known  contact

information (person, address, email address, and, if available phone number) for all lessees and licenses, and the service contracts for the Subject Property Interest shall be produced by May 28, 2024. All other documents in the Lender's or USI's possession, custody or control that are reasonably accessible to Lender and USI shall be produced by June 14, 2024.

6. <u>Security deposits, advance payments, and rents</u>: Lender and USI shall provide to Amtrak information regarding security deposits held, advance payments received, accounts relating to rent payments, and similar information, subject to confidentiality protections, by May 28, 2024.

7. <u>Special Events</u>: Lender and USI shall provide to Amtrak by May 28, 2024 a list of all upcoming special events to be held at the Station, and all related agreements and documents (including event contracts). Lender and USI shall not schedule or contract for special events that will take place after the Possession Date unless Amtrak specifically consents in writing to the event schedule and terms.

8. <u>Transfer of rent collection and utilities and other expense payment responsibilities</u>: Rent, utilities and expense payments for the period after the Possession Date shall be the responsibility of Amtrak. Lender and USI shall provide to Amtrak a list of such obligations on or before May 28, 2024, with all documents related thereto to be produced by June 14, 2024.

9. <u>Transfer of operation and maintenance responsibilities</u>: As of the Possession Date, all current and future operation and maintenance responsibilities of the Subject Property Interest shall be transferred to Amtrak. Lender and USI shall provide to Amtrak all information in their possession, custody and control and reasonably accessible regarding current operation and maintenance responsibilities pertaining to the Subject Property Interest by May 28, 2024, with documents related thereto being produced by June 14, 2024.

#13048928v2\029938\0002

10. <u>Identification and transfer of work-in-progress responsibilities</u>:  Lender and USI shall provide to Amtrak by May 28, 2024 a list of all capital work-in-progress responsibilities, with all documents related thereto being produced by June 14, 2024.   Beginning May 14, 2024, Lender and USI shall not start any new capital work in the Subject Property Interest unless Amtrak specifically consents in writing to the work.

11. <u>Status of retail and office leasing activity</u>:  Lender and USI shall provide to Amtrak a list of and information about the current status of retail and office leasing activity (including current draft leases exchanged with prospective tenants) by May 28, 2024.  Lender and USI shall be bound by the restrictions on future leasing activities as described below. Separately, there are three current lawsuits involving previous Station tenants or arising from occupancy agreements. Lender and USI shall coordinate with Amtrak about these lawsuits.

12. <u>Digital and other advertising agreements and revenues</u>:  Lender and USI shall provide to Amtrak all reasonably accessible information and documents in their possession, custody and control regarding digital and other advertising agreements and revenues by June 14, 2024.

13. <u>Assessment of the physical conditions of space outside of the pre-existing Amtrak sublease</u>:  Lender and USI provided a walk-through of most of the space covered by the Subject Property Interest and outside of the pre-existing Amtrak sublease; Lender shall provide all reasonably accessible documents and information to Amtrak regarding the physical condition and operational requirements of the space covered by the Subject Property Interest Amtrak in their possession, custody and control by June 14, 2024.

14. <u>Letter to Tenants and Licensees</u>:  On the Possession Date, Amtrak, USI and Lender shall send a joint letter to tenants and licensees using the template of Exhibit A. The parties shall

make immediate preparations so that the letter can be sent to the appropriate contact address for tenants and licensees on the Possession Date.

15. <u>Restrictions on USI during the Interim Period-Operations</u>:  From the date of this Order until the Possession Date (the "Interim Period"), USI shall continue to manage the day-to-day operations at the Subject Property Interest, and: (1) abide by the terms of the sublease with USRC; (2) follow the terms of its existing retail leases and other commercial agreements with tenants and third parties; (3) pay required operating expenses and other obligations; and (4) provide all necessary services, including repair, maintenance, and other operational services and continue working on existing projects.

16. <u>Restrictions on USI during the Interim Period—Leasing and Other Activities</u>: During the Interim Period, USI shall not do any of the following without Amtrak's prior written consent: (1) negotiate with a third party for any long-term new leases or other commercial agreements; (2) enter into any new leases, amendments or modification to existing leases or other commercial agreements or any amendments and modification of existing commercial agreements that extend beyond the Interim Period (including but not limited to license, service contracts, and agreements for events and event space); or (3) undertake any new activity that affects the station structure at the Subject Property interest, including renovations, improvements, infrastructure modifications, build-out or non-emergency repairs beyond routine repair and maintenance.

17. <u>Restrictions on USI during the Interim Period—Negotiations</u>:  USI shall not negotiate any new retail leases, licenses or other commercial agreements or any amendments thereof, except as follows: (1) USI can undertake efforts as to collection of existing Account Receivables and enforce its existing rights and obligations under the retail leases and licenses; (2) USI is not restricted from ordinary lease administration activities, including collection of rent and

#13048928v2\029938\0002

payment of expenses; (3) USI can undertake or continue leasing activity to which Amtrak has given its prior written consent; and (4) USI shall not enter into any licenses or other commercial agreements that would encumber Amtrak after the Possession Date, unless Amtrak specifically consents in writing to the contract and its contract and its terms.  Subsection 4 of this paragraph shall not apply to leases, licenses or other commercial agreements where an amendment or modification relates only to a period of time before the Possession Date (*i.e.* commercial agreements that may be cancelled on 30 days written notice).

So ORDERED this \_\_\_\_ day of May, 2024.

                                                                     _____
                                                                     The Honorable Amit P. Mehta
                                                                     United States District Court Judge