UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 22-cv-1043 (APM) |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST MADE AS OF JANUARY 25, 2007, WITH SAID PROPERTY INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION, et al., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Following a period of discovery and an evidentiary hearing, the court issued a Memorandum Opinion on April 17, 2024, which found that Plaintiff Amtrak had carried its burden of establishing entitlement to immediate possession of Lender's leasehold interest in Union Station under 49 U.S.C. § 24311(a)(1)(A) and (b). Mem. Op., ECF No. 106.[1] The court ordered the parties to negotiate the conditions under which the leasehold interest would be transferred to Amtrak, *id.* at 47, and on May 24, 2024, the court entered an Order granting Amtrak's Motion for Immediate Possession, consistent with the parties' agreed upon terms. ECF No. 111. The Order provided that possession of the leasehold interest would transfer at 12:01 a.m. on July 15, 2024. *Id.* at 1.

---

[1] The court uses the term "Lender" in the same way as in the Memorandum Opinion. Memo. Op. at 10.

Twelve days later on June 5, 2024, Lender noticed an appeal of the Order, ECF No. 114, and, on the next day, filed a 31-page motion to stay the Order pending appeal, ECF No. 116 ("Motion"). Lender did not move to expedite briefing on the Motion. The parties therefore completed briefing according to the standard deadlines, and the Motion became ripe on June 27, 2024. ECF No. 121. Lender did not ask for an expedited decision or to stay the Order pending the Motion's disposition. Instead, eight days after filing the Motion (which included July 4th), Lender filed an Emergency Motion for a Stay Pending Appeal in the D.C. Circuit. Appellants' Emergency Mot. for a Stay Pending Appeal, No. 24-7089 (July 5, 2024). In that motion, it noted only that the "district court had not acted on Leaseholders' stay motion," without advising the Circuit that the motion had been ripe for a mere eight days without any request for expedition. *Id.* at 10.

Lender asserts that this court made multiple errors, both legal and factual. Some legal arguments Lender makes for the first time. *Compare* Mot. at 9 (asserting that Amtrak lacks quick-take authority under § 24311 because, unlike the federal condemnation statute, it lacks the statutory text "the land is condemned and taken for the use of" Amtrak) *with* Mem. Op. at 30 (noting Lender "had not made that argument"); *compare* Lender's Reply in Further Support of Mot., ECF No. 121, at 6 (claiming that "necessary" under § 24321(a)(1)(A) means "indispensable; vital, essential; requisite") *with* Lender's Proposed Findings of Fact and Conclusions of Law, ECF No. 99, ¶ 85 (citing the "significant relationship" test and not making a plain statutory text argument); *see also* Mot. at 10 (arguing that Amtrak lacks quick-take authority under § 24311 because the statute only permits a taking if "financial resources are available"); *id.* at 18 (maintaining that the "necessity" inquiry required the court to "consider the [Union Station Redevelopment Act] and related government directives").

Other arguments are based on incomplete facts. Lender asserts that the court silently converted Amtrak's motion for immediate possession into one for summary judgment, when it did no such thing. *Id.* at 10–14. Lender also contends that the court denied it discovery on issues relevant to immediate possession, but it never sought any discovery on those topics. *Id.* at 13–14. And it complains that Amtrak late-disclosed Plaintiff's Exhibit 10[2] and that the court's reliance on it was "plain error," *id.* at 18, even though Lender never objected to the exhibit when Amtrak introduced it as demonstrative evidence and *Lender*, not Amtrak, moved it into evidence, *see* Hr'g Tr., Sept. 11, 2023, at 47, 163.

All of that said, Lender's Motion deserves the court's thorough consideration, and the D.C. Circuit would benefit from a written decision. This court is unable to do that, however, in time to allow for unhurried appellate review before July 15, 2024. Accordingly, the court hereby amends the Order to extend the date of transfer to 12:01 a.m. on July 29, 2024. The court will issue a written opinion as expeditiously as its docket permits.

Dated: July 9, 2024

Amit P. Mehta
United States District Court Judge

---

[2] Lender's Motion incorrectly identifies the exhibit in question as "Exhibit 11."