IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------- X

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

      Plaintiff,                                                    No. 1:22-cv-01043 (APM)

      v.

SUBLEASE INTEREST PERTAINING TO
DESCRIBED LEASEHOLD INTERESTS
AT WASHINGTON UNION STATION, et al.

      Defendants.

-------------------------------------------------------------------- X

**UNOPPOSED MOTION TO MODIFY SCHEDULE**

      Defendants USI and Lender move to modify the schedule to add approximately 30 days to each of the current deadlines and adjust several dates for Court appearances. Given the pace of the fact discovery so far and the complex nature of the case and the expert discovery, defendants believe that the parties will ultimately need even more time—including moving the trial date out in order to complete the various discovery steps, address discovery disputes, brief any dispositive motions, and conduct pretrial—and defendants reserve the right to move for such additional time. But for purposes of the present motion, Defendants USI and Lender move to modify the schedule which maintains the currently scheduled trial date of May 6, 2025.

      Defendant USSM consents to the motion. Plaintiff Amtrak states that it does not oppose Defendants' request so long as it does not alter the existing trial schedule.

      The current schedule was entered by order dated May 9, 2024 (DE 108). That order set trial to start on April 7, 2025. The schedule was modified by consent once to move the trial date

to May 6, 2025 (Minute Order, May 28, 2024). However, when the trial date was extended by roughly 30 days, the parties did not modify the other pretrial schedule dates.

There is good cause to modify the schedule in order to make better use of the days added by moving the trial date. The pretrial schedule was ambitious in terms of the time to conduct discovery and otherwise get the case ready for trial and was framed, at least from defendants' perspective, with the then-understanding that the Court had resolved all issues save just compensation. The Court has made clear that it has not yet ruled on whether Amtrak is entitled to exercise eminent domain here. Defendants are conducting discovery on the fact issues which will be presented on that question, as well as fact discovery about the circumstances of the Subject Property Interest and the market for the asset.

Experience is proving that the timing is not sufficient. For example, the production of documents from the parties themselves had a deadline of September 16, 2024. By that date, Amtrak had produced about over 12,000 documents requested, intermingled with materials that Amtrak was producing in response to the FOIA request that was the subject of a separate request and action. Amtrak provided the privilege log on October 10. The review of the documents is ongoing and may require follow up regarding asserted privileges and redactions.

Separately, USSM has only produced to these defendants as of this writing 121 documents on October 4. It has made a number of objections but those have not yet been resolved as the parties confer about how to resolve the production issues from that party. This part of the fact discovery will also require follow up.

Defendants served a document subpoena on the Cushman & Wakefield firm. Cushman has advised that it has collected responsive documents and has presented them to Amtrak counsel for that counsel to review for privilege or other issues. The Cushman documents have not yet been

produced to defendants, although Amtrak has recently advised that they should be forthcoming. Defendants anticipate that Amtrak may seek to withhold production of responsive requested documents on the issue of privilege, and, if so, that will need to be resolved, presumably with action from the Court.

Documents from Jones Lang Lasalle, who has been involved in management at the Station under both USSM and USI/ Remark, have started being produced but that production is not yet complete. There are other document subpoenas already issued or about to be issued. Relatedly, depositions of fact witnesses have not yet been conducted.

The current schedule has a deadline of completion of fact-witness depositions by October 31, 2024. Because the parties are still working through document production and the depositions of fact witnesses have not yet been conducted, the current deadline is problematic. The parties consent to move the deadline for completion of fact-witness depositions to November 29, 2024.

The current schedule also has a tight timeframe for expert-witness disclosures and reports, especially given the state of fact discovery. Under the current schedule, Amtrak is to submit its reports by Thursday November 21 and responsive reports are due 20 business days later on December 21, 2024. Acknowledging that the schedule was in large part originally proposed by the parties themselves, defendants submit that the experience happening now with regard to conducting fact discovery and working up expert reports make those dates very difficult to meet. For their part, Lender and USI are working to have opinion testimony and reports from a number of witnesses needed to address the value of the Subject Property Interest which, in turn, requires analysis of a unique lease structure in a unique property in a market which was coming out of an unprecedented pandemic impact and a time of substantial change in the neighborhood market

associated with economic development on adjoining sites. This is not a typical eminent-domain case where there are market sales comparables that can be consulted and analyzed.

Looking ahead through the rest of the current schedule, defendants submit that the parties realistically will need more time to prepare this complex case. The legal issues are unprecedented, the valuation issues are complex, and the corresponding expert reports from the parties need to be thorough. There is a lot at stake in this case. In addition, the Court will be asked to resolve the issue of Amtrak's authority to take the property, a question which logically should be decided before trial, maybe before pretrial. The Court also has a briefed motion pending regarding the disposition of the deposit and will have to deal with the deposit issues. Adding time to allow the parties and the Court to compile the best record and work through it in an orderly fashion serves the interests of justice and does not harm any of the parties or the processes of the Court.

Defendants believe that it is more realistic to push everything out for 60 days, including the trial date. But Amtrak is only consenting at this time to adjusting the dates by roughly 30 days, as reflected in the attached draft order, so the present motion is limited to that request and proposed modification. Because the parties do not know the Court's availability for rescheduling the post-discovery status conference and the pretrial conference, the proposed order puts brackets around the proposed dates for those events.

Respectfully submitted,

| | |
|---|---|
| MORRISON COHEN LLP | NEUBERGER, QUINN, GIELEN, |
| Y. David Scharf | RUBIN & GIBBER, P.A. |
| Kristin T. Roy | Thomas M. Wood, IV |
| Latisha V. Thompson | Steven J. Willner |
| Amber R. Will | One South Street, 27th Floor |
| Mahnoor Misbah | Baltimore, Maryland 21202 |
| *Admitted pro hac vice* | Telephone: (410) 332-8542 |
| 909 Third Avenue | Fax: (410) 332-8564 |
| New York, New York 10022 | tmw@nqgrg.com |
| (212) 735-8600 | sjw@nqgrg.com |
| | |
| HOLLAND & KNIGHT LLP | *Attorneys for USI* |
| Paul J. Kiernan | |
| Louis J. Rouleau | |
| 800 17th Street N.W. | |
| Suite 1100 | |
| Washington, D.C. 20006 | |
| Phone: 202-663-7276 | |
| Paul.Kiernan@hklaw.com | |

*Attorneys for Lender*

## CERTIFICATE OF SERVICE

I hereby certify on this 15th day of October, 2024, I served a true and correct copy of the foregoing Motion by filing on the Court's ECF System.

/s/ Paul J. Kiernan
Paul J. Kiernan