IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | * |
| | *    CIVIL ACTION NO. 1:22-CV-01043 |
| PLAINTIFF, | * |
| v. | * |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST, et al. | * |
| | * |
| DEFENDANTS. | * |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO MODIFY SCHEDULE

National Railroad Passenger Corporation ("Amtrak") opposes the Motion to Modify Schedule filed by Defendants Union Station Investco, LLC ("USI") and Kookmin Bank Co., Ltd. ("Kookmin" or "Lender") (collectively "Defendants" or "Movants"), DE 140. Defendants' Motion must be denied because Defendants should not be able to use their own dilatory conduct to push back the trial date in this case to the detriment of other parties, the Court, and the public—which all share an interest in finality here. As discussed below, Movants cite as cause for their motion only delays that *they* introduced, purported discovery disputes that they have failed to meet and confer on, and a claimed need for more time that is unbacked by any evidence. That is the very opposite of good cause.

Amtrak has agreed that Defendants may have until December 31, 2024 to take any fact depositions that were already noticed before the November 29, 2024 deadline. Amtrak

1

did not agree that Defendants could notice new, additional fact depositions after the November 29, 2024 deadline given that discovery has been ongoing for more than six months. Amtrak's willingness to allow the remaining fact depositions to happen over the next several weeks resolves every legitimate issue Defendants raise in their motion—and that extension is sufficient. The fact that experts must address the value of the Subject Property Interest has been true since the day this condemnation case was filed and the trial date was set. The complex lease structure has likewise been the same since long before the case was filed. If Amtrak's experts can prepare their reports on valuation by December 20, 2024 (and they will), then Defendants' experts can prepare theirs a month later by January 24, 2025, as the parties long ago agreed. All parties can then prepare their rebuttal reports by February 28, 2025.

Amtrak told Defendants earlier this year that it would oppose any motion to move the trial date. *See* Defendants' Unopposed Motion to Modify Schedule (DE 129) (noting that Amtrak did not oppose Defendants' prior motion to modify the schedule "so long as it does not alter the existing trial schedule"). Instead of diligently pursuing discovery in order to meet those deadlines, Defendants delayed issuing notices until October and November and set most of their depositions for the final week of the extended deadline for discovery. The Court should not reward that dilatory conduct. The Court can grant the unopposed request for already-noticed fact depositions to take place through December 31, 2024. But Defendants cannot justify a motion to move the trial date in this case, so the rest of the Motion should be denied.

2

### I. Defendants Cannot Demonstrate Good Cause Based On Discovery Disputes Raised For The First Time In A Motion To Alter The Schedule.

The lead rationale for Defendants' sought extension are purported issues related to privilege and work product protections claimed by Amtrak. But Defendants have raised little of this with Amtrak before, and they have never conducted a meet-and-confer on them.[1] As the Court is aware, Defendants have never filed a motion to compel related to these matters either. And even when they met and conferred on *this Motion*, Defendants only raised the need to conduct the depositions as a rationale for seeking more time, but *not* the privilege issues raised in their Motion.

Raising these discovery disputes for the first time in a motion to modify the schedule undermines Defendants' assertion that their motion is based on the requisite good cause. Good cause exists only when the movants have "shown due diligence in meeting the deadline to respond." Mot. at 2 (citing *McFadden v. Washington Metro. Area Transit Auth.*, No. 14-1115 (RBW), 2014 WL 12776122, at *2 (D.D.C. Sept. 9, 2014). While Defendants say that Amtrak's production was complete by September 16, 2024 suggesting this issue was relatively recent, the redactions they object to appear in documents that were produced during discovery in the *possession phase* of this case—more than a year and a half ago. Indeed, these redactions were discussed on the record in Amtrak's 30(b)(6) deposition

---

[1] Defendants at one point say that they "will meet and confer with Amtrak again on these issues in an attempt to resolve without any need for judicial intervention." Mot. at 6. Their motion does not cite a prior meet and confer. None is documented in communications between the parties. And none has occurred. If Defendants are attempting to characterize their questions to a 30(b)(6) witness as a meet-and-confer, that is not consistent with Amtrak's or its counsel's understanding of what it means to meet and confer. Nor is it consistent with the local rules. *See* Local Rule 7(m) (requiring counsel to "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement").

during the possession phase on May 31, 2023.  *See, e.g.*, 5/31/23 Depo Tr. (Gardner) at 62:16-64:12 (attached as Ex. 1).  At that time, Amtrak's counsel stated regarding the redactions, "I asked you to send me an email of all the things you want, and if you sent it to me, I'll be glad to do it." *Id.* at 60:4-6.  At the deposition, Amtrak explained the basis for the redactions, and Amtrak also produced a privilege log back in 2023 to which Defendants raised no objections.[2]  Instead, Defendants have waited a year and half before raising an objection to these redactions, and not in a motion to compel, but only now in this motion to move the trial date in this case.  That is not "due diligence."

Further, Defendants' privilege objections are also either meritless or could easily be resolved by meeting and conferring with Amtrak.  For example, Defendants say they "are entitled to know how these redactions were made and on what basis." Mot. at 5.  Yet in the year-and-a-half since Amtrak's 30(b)(6) deposition, Defendants have not asked Amtrak's counsel any follow-up questions about the redactions or the privilege log, much less requested to meet and confer.  Defendants cannot wait until after the close of fact discovery to raise privilege objections for the first time—and their conduct certainly should not be rewarded with an extension of the entire schedule in this case to allow them to do so.

**II.     Discovery Issues Related To Other Parties Also Cannot Justify An Extension Of The Trial Schedule In This Case.**

Defendants present no discovery issue with any other party that constitutes good cause to alter the trial schedule in this case.

---

[2] The redactions were also discussed in correspondence with the Court's clerk in November 2023.  *See* Email Correspondence (attached as Ex. 5).

4

### A. USSM's discovery does not justify moving the trial date.

There is no dispute over discovery related to USSM. USSM claims to have completed its production of documents. The parties have agreed on a date in a few weeks for a rescheduled deposition of USSM's representative. Defendants have stated no reason why taking that deposition on December 19 instead of November 27 justifies moving any other dates in the case. In any event, USSM's documents were required to be produced no later than September 15, 2024, unless extended by mutual agreement. If Defendants agreed to an extension, that agreement cannot be used now to justify a change in the trial date. If Defendants did not agree to an extension, then they state no justification for waiting two months to object to USSM's production. Defendants also do not indicate whether the documents they claim to be waiting from USSM were already produced in the SDNY litigation, which would mitigate any prejudice (though none has been asserted).

### B. Third party discovery does not justify moving the trial date.

None of Defendants' issues regarding third-party discovery provide any justification to move the trial date in this case either. Defendants should have started discovery of third parties after the Court issued its Scheduling Order (DE 108) on May 9, 2024. Instead of timely serving subpoenas on third parties, Defendants waited until October or November to issue notices, and set most depositions for the week of Thanksgiving, when any third party could reasonably be expected to object and seek more time. Defendants' request to move the trial date as a result has no justification.

**Eastdil.** Defendants have been aware that Eastdil may possess relevant information related to the Subject Property Interest since sometime before July 1, 2024, when

5

Defendants issued discovery requests to USSM requesting documents related to Eastdil. *See* Lender's Request for Production of Documents, Request 1 at p.2 (attached as Ex. 2). Defendants, however, did not notice Eastdil's November 21 deposition until November 7. Not surprisingly, Eastdil required more time to review and produce the requested documents, so the parties agreed on a new deposition date of December 17. Defendants provide no reason why taking that deposition on December 17 instead of November 21 justifies moving any other dates in the case. And waiting until November 7 to notice the deposition in the first place cannot demonstrate the "due diligence" required for good cause.

**SL Green**. In May 2023, during possession phase discovery, Defendants deposed Amtrak about Amtrak's offer to S.L. Green related to the Subject Property Interest. *See* Depo. Tr. (Newman) at 24-29 (attached as Ex. 3). Despite being aware of S.L. Green's role since at least May 2023, Defendants did not set SL Green's deposition until November 26, 2024, the Tuesday before Thanksgiving. Not surprisingly, SL Green objected and that deposition is now set to take place on December 11. Defendants offer no reason why taking that deposition on December 11 instead of November 26 justifies moving any other dates in the case. Defendants also cannot demonstrate due diligence in their efforts to take this discovery from SL Green.

**Wells Fargo.** Defendants have likewise known about Wells Fargo for several years. Among other places, Wells Fargo's role was discussed on the record at the July 21, 2022 hearing in this case. *See* Tr. at 30. Defendants subpoenaed Wells Fargo for a deposition on November 26, 2024, the same day as SL Green. Wells Fargo too objected to that date, and that deposition is now set to take place the week of December 16. Defendants provide no

6

reason why taking that deposition on December 16 instead of November 26 justifies moving any other dates in the case.

**Jones Lang Lasalle**.  Defendants noticed JLL to be deposed on November 20, 2024, and the deposition took place on November 26.  Defendants purported to reserve the right to keep it open, but Amtrak objected because Defendants laid no foundation as to the need for further questioning four hours into the deposition.  The topics that Defendants claim to seek to pursue relate to: (1) *other* real estate transactions of the JLL witness that having nothing to do with Union Station; and (2) appraisals that occurred long before Amtrak filed this condemnation action.  Defendants make no argument, much less a showing, that testimony on these topics would or could have any relevance to this case.  Nor do Defendants show that additional time for this deposition cannot be secured before the end of the year.

**KPMG**.  Defendants claim that they did not "gain[] insight into KPMG's role" until Amtrak's deposition on November 19.  But Amtrak told Mr. Rebibo in January 2022 that it had retained KPMG to assist in its analysis of the Subject Property Interest.  *See* Jan. 14, 2022 email (attached as Ex. 4).  And during discovery in the possession phase of this case, more than 18 months ago, Amtrak produced documents reflecting KPMG's role.  Once again, during Amtrak's 30(b)(6) deposition in the possession phase of this case in Spring of 2023, Defendants asked Amtrak about KPMG's role.  *See* Depo Tr. (Newman) at 16 (attached as Ex. 3); Depo Tr. (Gardner) at 21 (attached as Ex. 1).  Yet Defendants waited until November 21, 2024 to notice KPMG's deposition—and they noticed it for only six days later, November 27, the day before Thanksgiving.  That deposition did not take place, and Defendants have not told Amtrak when they plan to reschedule it.  But by waiting until

7

November 21 to notice the deposition, Defendants forfeited any right to seek an extension of the schedule based on the lateness of this deposition.

**Houlihan Lokey.** Defendants did not notice this deposition until November 26 to take place on December 9—and they did so without agreement of the parties. Defendants do not say how they learned that Houlihan Lokey possesses information relevant to an issue in this case—they only say they learned of it "[w]hile prepping for the JLL deposition on November 26, 2024." Mot. at 10. Amtrak has no reason to think this entity possesses information relevant to the case, but if they do, Defendants are to blame for the dilatory discovery of that information. Although fact discovery began more than six months ago (and possession phase discovery more than a year and half ago), Defendants waited to notice all their depositions for the final days of fact discovery. If that dilatory conduct meant that they discovered information late, then that conduct cannot be the "due diligence" required to alter the trial schedule in this case. In any event, Defendants do not say that they cannot depose Houlihan Lokey (or Nomura) during December 2024, so there appears to be no issue here to justify an extension of the schedule.

**USRC and DOT.** USRC, which has apparently agreed to make a representative available "in early December" also does not justify any change in the schedule. Mot. at 10. As for DOT, Defendants do not cite any basis on which they can legally depose the Department of Transportation. Amtrak was aware that Defendants noticed a deposition in October, but Defendants did not serve a subpoena on DOT until November 13 (and *still* has never provided Amtrak with notice of that subpoena, which Amtrak only learned of today). Amtrak also learned only today that on November 19, DOJ counsel for DOT offered to work

8

with Defendants to provide some form of discovery, such as a declaration or interrogatory responses, in lieu of a deposition. Defendants have apparently not taken DOT up on that offer. None of this was disclosed in Defendants' Motion.

In any case, the issue of discovery from DOT is a sideshow. The question of whether Amtrak has statutory authority to take the Subject Property Interest is a question of law, and Movants have not shown that fact testimony from the DOT would bear on any issue to be tried. Furthermore, the testimony Defendants seek from DOT has no bearing on any issue of valuation that experts will be opining on, and so any delay in receiving discovery from DOT cannot justify a change in the schedule for expert discovery or trial in this case.

**Farrell.** Because Mr. Farrell is a testifying expert in this case, he will and should be deposed during the period for expert discovery in this case. Defendants are not entitled to depose Amtrak's testifying expert as a fact witness and cannot use the timing of his deposition to delay the trial in this case.

**Cushman.** Amtrak has produced the engagement letters with Cushman related to this case, so there is no dispute here to resolve.

**No Other Witnesses.** Defendants propose a schedule with fact witness depositions ending on January 31, 2025. They present no justification for this extension. All of the depositions they have timely noticed can be completed by the end of this month. If there are other witnesses they wish to depose, they have not disclosed them to Amtrak or the Court, much less noticed their depositions in a timely manner. The Court should not grant a two-month extension for unspecified, open-ended discovery without any showing of good cause. All of the noticed depositions can be completed this year, and that will end fact discovery.

9

### III. Delaying the Trial Would Prejudice Amtrak and Hurt the Station.

Although Amtrak now has possession of the leasehold, Amtrak has agreed to limit what it does at the Station until final judgment is entered in this case. That includes limits on Amtrak's ability to negotiate a new lease with USRC. Moreover, Amtrak cannot make any permanent changes at the Station until it knows it will have possession permanently, which means delaying implementation of important projects and other investments in the Station—all to the impairment of the public interest. Amtrak filed this case and deposited more than $250 million dollars with the Court more than two and a half years ago, on April 14, 2022. Delaying trial for nonexistent or manufactured reasons would unfairly deprive Amtrak of the full value of possessing the leasehold without any good cause, and those members of the public who use the Station will feel the impact too. Defendants' motion simply elides those consequences.

Movants present no good cause to move the trial date. Amtrak respectfully requests that the Court deny the Motion to Modify Schedule.

Dated: December 4, 2024.

                                                     Respectfully submitted,

                                                     COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION

/s/ Lindsay C. Harrison
Lindsay C. Harrison, DC Bar #977407
Jessica Ring Amunson, DC Bar #497223
Alex S. Trepp, DC Bar #1031036
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
Telephone: 202-639-6000
Fax: 202-639-6066
lharrison@jenner.com
jamunson@jenner.com
atrepp@jenner.com

Elizabeth A. Edmondson
JENNER & BLOCK, LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: 212-891-1600
eedmondson@jenner.com


/s/ Patricia McHugh Lambert
Patricia McHugh Lambert, US DC Bar ID MD0008
Kambon R. Williams, US DC Bar ID MD29872
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500 Towson, MD 21204
Telephone: 410-938-8800
Fax: 410-832-5650
plambert@pklaw.com
kwilliams@pklaw.com