UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SUBLEASE INTEREST OBTAINED )<br>PURSUANT TO AN ASSIGNMENT AND )<br>ASSUMPTION OF LEASEHOLD INTEREST )<br>MADE AS OF JANUARY 25, 2007, WITH )<br>SAID PROPERTY INTEREST )<br>PERTAINING TO DESCRIBED LEASEHOLD )<br>INTERESTS AT WASHINGTON UNION )<br>STATION, et al.,  )<br>)<br>Defendants.  )<br>) | Case No. 22-cv-1043 (APM) |

**ORDER**

Defendants Union Station Investco, LLC and Kookmin Bank Co., Ltd. (collectively, "Lender") seek an *in limine* ruling that, if they were to move for payment of the funds deposited by Plaintiff Amtrak as an estimate of just compensation, such request would not amount to "a waiver or release of Defendants' pleaded objections and defenses to Amtrak's exercise of eminent domain."  Defs.' Mot. in Limine Regarding Payment of Deposited Funds, ECF No. 125 [hereinafter Defs.' Mot.], at 1.  Amtrak opposes the motion.  Pl.'s Opp'n to Defs.' Mot. in Limine, ECF No. 126 [hereinafter Pl.'s Opp'n].  According to Amtrak, if Lender withdraws the deposited funds, they would "lose[] the ability to challenge the lawfulness of the taking going forward, and the case proceeds to the just compensation phase."  *Id.* at 1.  Having carefully considered the question, the court grants Lender's motion for the following reasons.

*First*, there is no textual basis in the Amtrak takings statute that requires the condemnee to choose between withdrawing the deposited funds or preserving its substantive defenses to the condemnation.  To the contrary, the statute expressly provides that "the right to the money vests in the person entitled to the money" at the time Amtrak makes its deposit with the court.  49 U.S.C. § 24311(b)(2); *cf. Miller v. United States*, 317 U.S. 369, 381 (1943) (noting that one of the purposes of the analogous federal takings statute, 40 U.S.C. § 3114, is "to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property").  To condition access to the deposited funds on the forfeiture of defenses "would be to deny the owner the immediate use of cash approximating the value of his land."  *Miller*, 317 U.S. at 381; *see also Bishop v. United States*, 288 F.2d 525, 528 (5th Cir. 1961) (interpreting the word "deposit" in the federal takings statute as "contemplat[ing] a transfer of funds for the effectual withdrawal and use by the former owner of the property taken").

As support for its position, Amtrak points to language in § 24311(b)(4) that permits the property owner, upon application, to seek "immediate payment of any part of the amount deposited in the court for the compensation to be awarded."  *See* Pl.'s Opp'n at 10.  Emphasizing the words "compensation to be awarded," Amtrak argues that the release of the deposit funds can only be considered "an advance payment of just compensation," implying the "legitimacy of the taking."  *Id.*  But it does not necessarily follow that payment of any portion of the deposit before final judgment ratifies the taking's validity.  It simply means that the property owner would be required to repay the withdrawn funds, if the condemnation were deemed unlawful.

*Second*, the numerous authorities on which Amtrak relies for the equitable principle that "a condemnee cannot access just compensation funds while challenging a taking" are inapposite.

Pl.'s Opp'n at 5.  All involve either the payment of compensation after entry of a final judgment[1] or involve state laws or procedures that compel forfeiture of defenses upon receipt of the deposited funds.[2]  This case involves neither.  No judgment has been entered and § 24311 does not expressly foreclose a property owner from seeking payment of the deposit to the exclusion of its substantive defenses to the taking.

*Finally*, Amtrak's concern about the unavailability of funds for repayment is not a good reason to recognize a waiver of defenses when the statute does not call for one.  The takings statute provides that a property owner must file an "application" with the court to withdraw deposited funds and that the court "may" order immediate payment.  49 U.S.C. § 24311(b)(4).  The court therefore has discretion to place conditions on any pre-judgment withdrawal of deposited funds.  If Lender were to seek payment of all or a portion of the deposit before final judgment, the court would insist on terms of withdrawal that would reasonably ensure future repayment or compensation to Amtrak.  Such terms could include a bond or an express agreement by Lender that Amtrak would retain ownership of the Leasehold Interest in the event of non-payment.

---

[1] *See, Winslow v. Baltimore & Ohio R.R. Co.*, 208 U.S. 59, 62 (1908); *Macfarland v. Poulos*, 32 App. D.C. 558, 561–63 (D.C. Cir. 1909); *White Oak Coal Co. v. United States*, 15 F.2d 474, 477 (4th Cir. 1926); *Wilson v. Union Elec. Light & Power Co.*, 59 F.2d 580, 581, 583 (8th Cir. 1932); *United States v. McIntosh*, 2 F. Supp. 244, 248–49, 253–54 (E.D. Va. 1932).

[2] *See Smart v. Texas Power and Light Co.*, 525 F.2d 1209, 1210–11 (5th Cir. 1976) (finding constitutional an irrebuttable presumption, under Texas law, of legal consent to the taking upon withdrawal of the deposited funds); *City of Garland, Texas v. Burnett*, No. 04-cv-1378, 2005 WL 491521, at *5–6 (N.D. Tex. Mar. 2, 2005) (applying the same irrebuttable presumption under Texas law); *Utah Dep't of Transp. v. Walter M. Ogden & Sons, Inc.*, 805 P.2d 173, 174–75 (Utah 1990) (Utah statute expressly providing that withdrawal of the deposit "shall be held to be an abandonment by [a] defendant of all defenses excepting his claim for greater compensation"); *Twp. of Piscataway v. S. Washington Ave., LLC*, 947 A.2d 663, 668–70 (N.J. App. Div. 2008) (interpreting New Jersey statute to bar a condemnee who makes a withdrawal of the deposit from asserting any rights other than those relating to compensation); *Chicago Great W. R.R. Co. v. Kemper,* 166 S.W. 291, 293–94 (Mo. 1914) (involving two-hearing procedure under Missouri law, the first addressing the legality of the taking and the second just compensation).

Accordingly, for the foregoing reasons, Lender's Motion in Limine Regarding Payment of Deposited Funds, ECF No. 125, is granted.

Dated: December 9, 2024

Amit P. Mehta
United States District Court Judge