UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 22-cv-1043 (APM) |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST MADE AS OF JANUARY 25, 2007, WITH SAID PROPERTY INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION, et al., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the court are two motions: (1) Lender's Motion to Compel compliance with a subpoena seeking a Rule 30(b)(6) deposition of nonparty Department of Transportation ("DOT"), ECF No. 143 [hereinafter Lender's Mot.], and (2) DOT's Cross-Motion for a Protective Order, ECF No. 158 [hereinafter DOT's Mot.]. Lender seeks testimony from DOT on seven topics relating to Plaintiff Amtrak's condemnation of the lease agreement between United Station Redevelopment Corporation and Union Station Investco, LLC ("Leasehold Interest"). *See* Lender's Mot., Ex. A, ECF No. 143-2 [hereinafter "Deposition Notice"], at 5 (ECF pagination).

The court heard argument on the motions on January 23, 2025. During the hearing, Lender conceded that a sworn declaration submitted by DOT, *see* DOT's Mot., Decl. of Rebecca Reyes-Alicea, ECF No. 158-1, addressed four of the seven topics, leaving only Topics 2, 3, and 6 in

dispute. Generally speaking, Topic 2 concerns communications between Amtrak and DOT about Amtrak's condemnation of the Leasehold Interest; Topic 3 concerns communications between DOT and Congress about Amtrak's condemnation of the Leasehold Interest; and Topic 6 concerns communications between Amtrak and DOT about the value of the Leasehold Interest. *See* Deposition Notice at 5. After the hearing, prompted by court inquiry, DOT reported that it is willing to search for and produce records responsive to Topic 3. *See* Notice of Willingness to Produce Docs., ECF No. 164. The court deems DOT's production of such records sufficient to satisfy Lender's request for information as to Topic 3.

That leaves Topics 2 and 6. To start, the information sought is relevant. Facts regarding Amtrak securing DOT's approval bear on Amtrak's rationale for exercising its power of eminent domain and the process by which it reached that decision. DOT contends that such facts are not relevant because Amtrak did not require DOT approval to condemn the Leasehold Interest pursuant to its statutory authority under 49 U.S.C. § 24311(a)(1)(A). *See* DOT's Mot. at 7–11. Fair enough, but DOT's notion of relevance is too narrow. There is a "crucial distinction between permitting a plaintiff to 'flesh out a pattern of facts already known' and the illegitimacy of permitting discovery against a third party premised on an unfounded suspicion[.]" *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 17 (D.D.C. 2009) (quoting *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990)). Here, Lender seeks to "flesh out" the facts regarding DOT's approval of Amtrak's taking. It is not seeking a deposition from DOT in the mere hope of finding something discoverable.

DOT argues that, even if the evidence sought is relevant, Lender's motion should be denied because compliance would impose an undue burden. DOT's Mot. at 11–16. It contends that (1) the information sought can be obtained from another source—Amtrak; (2) preparing a Rule 30(b)(6)

witness will be highly burdensome, as no single person at the agency has knowledge of the requested information, the employee with primary day-to-day responsibility has retired, and the then-Deputy Secretary involved in the process has departed; and (3) the proposed discovery is not proportional to the needs of the case.  *See id.*

The court is not persuaded by any of these arguments.  As to the first, while Lender may be able to obtain some of the same information from Amtrak, there is no guarantee that Amtrak's witnesses will have the same recall as DOT's.  DOT also has not explained how an Amtrak witness could offer testimony about a communication from DOT that does not raise a hearsay objection.  Second, with respect to burden, although preparing and sitting for a Rule 30(b)(6) deposition will impose some hardship on DOT, especially given recent departures, that burden appears no greater here than is usual for that mode of discovery.  *See Alexander v. FBI*, 186 F.R.D. 137, 139 (D.D.C. 1998) (stating that Rule 30(b)(6) "ultimately puts certain burdens on both parties").  Finally, a limited Rule 30(b)(6) deposition is proportionate to the needs of the case.  This is not a matter in which Lender seeks to use DOT "as a speakers' bureau for private litigants" about a purely private matter.  *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (internal quotation marks and citation omitted).  Lender seeks discrete information on a matter of public interest: the future management and operation of a federally owned historic property, Washington Union Station.  The modest burden placed on DOT does not outweigh the public's interest in a full airing of the relevant facts.

Last, DOT asks the court to consider ordering a less burdensome form of discovery, such as a sworn declaration or written interrogatories.  DOT's Mot. at 16–17.  Neither alternative is adequate.  Both deprive Lender of the opportunity to ask follow-up questions or seek clarification, and it is hard to envision how Lender would draft written interrogatories with enough precision to obtain the information sought.

In the end, the court will require DOT to designate a Rule 30(b)(6) witness(es) to testify as to subpoena Topics 2 and 6. To reduce the burden on DOT, the court orders the following:

1. No less than two weeks before the scheduled deposition, Lender shall identify, by date and time, the meeting, telephone call, videoconference, or other communication involving Amtrak and DOT as to which it may inquire;

2. No less than two weeks before the scheduled deposition, Lender shall provide DOT with all records in its possession reflecting communications between Amtrak and DOT regarding Amtrak's proposed acquisition of the Leasehold Interest or its value; and,

3. The deposition shall last no more than 2.5 hours, excluding breaks.

Accordingly, Amtrak's motion is granted in part and denied in part, and DOT's motion is denied.

Dated: January 28, 2025

Amit P. Mehta
United States District Court Judge