IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | * | |
| | * | CIVIL ACTION NO. 1:22-CV-01043 |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST, made as of January 25, 2007, with said property interest PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION , et al. | * * * | |
| | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NATIONAL RAILROAD PASSENGER CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS USSM AS A DEFENDANT AND
<u>REQUEST FOR EXPEDITED TREATMENT</u>**

Plaintiff National Railroad Passenger Corporation ("Amtrak"), by and through undersigned counsel, hereby submits this Memorandum in Support of its Motion to Dismiss Union Station Sole Member, LLC ("USSM") as a Defendant as a party. Lender[1] does not oppose the relief sought in this Motion. USSM opposes this Motion.[2] For reasons set forth herein, Amtrak and the Lender

---

[1] For ease of reference, this Memorandum refers to Defendant Kookmin Bank Co. Ltd, individually and in its capacity as trustee of KTB CRE Debt Fund No. 8, a Korean Investment Trust, and its agent on behalf of said Trust in Korea, Daol Fund Management Co. and its agent on behalf of said Trust in United States, Rexmark Holdings LLC d/b/a Rexmark ("Kookmin"), along with Union Station Investco, LLC ("USI") as "Lender."

[2] USSM requested that we advise the Court as follows as to its position: "USSM has not been provided with the motions nor an opportunity to review them, or the relief sought. Accordingly, USSM opposes the the motions and the relief sought, and requests the opportunity to brief its opposition to same in accordance with the usual schedule for same. USSM reserves the right to seek additional relief once it has the opportunity to review and consider the motions." As set forth in the attached Exhibit 4, Amtrak advised USSM that it sought to dismiss USSM as a defendant pursuant to Federal Rule of Civil Procedure 71.1(i)(2) and stated, "the motion argues that USSM should be dismissed from this litigation (but obviously may continue to pursue its interests, whatever they may be, in USI in the SDNY litigation."

respectfully request that the Court consider this Motion on an expedited basis pursuant to Rule 71.1(j)(2) in order to help facilitate the final resolution of this case via a Consent Order and the payment of just compensation.

## I.  INTRODUCTION

Federal Rule of Civil Procedure 71.1(c)(3) ("Rule 71.1") required Amtrak in its Complaint (Compl.) (ECF No. 1), to "join as defendants only those persons who have or claim an interest in the property and whose names are then known." At the time of the filing Amtrak named USSM as a party because "USSM *may* have an interest in the Subject Property Interest" because "of its relationship with USI as sole member of USI." Compl. ¶ 18 (emphasis added). At the time it prepared the Complaint, Amtrak had limited information about USSM and its relationship to USI and the Subject Property Interest. As discussed below, the uncontroverted facts, and admissions made by USSM in discovery, confirm that USSM did not have, and does not have, an interest in the Subject Property Interest and that USSM had no interest when the Complaint was filed. Accordingly, under Rule 71.1(i)(2), USSM should now be dismissed as a party, as USSM was "unnecessarily or improperly joined" as a defendant since it never had and does not presently have an ownership or other property interest in the Subject Property Interest.[3]

The removal of USSM as a party is not only required by the Rules. It will also simplify these proceedings. Amtrak and Lender imminently plan to file a motion for entry of a Consent Order resolving this matter. The removal of USSM from this case will permit the Court to close this case after entering the Consent Order and will facilitate the payment of just compensation. For these reasons and as set forth below, this Court should dismiss USSM from this case.

---

[3] Alternatively, the Court can remove USSM by substitution. USSM had no interest at the time the Complaint was filed, but even if it had, that interest has now been foreclosed upon and transferred to an entity affiliated and controlled by Lender—and thus under Rule 71.1(g) the present owner of such interest must be substituted for USSM as a party.

## II. BACKGROUND

Before this case was filed, Amtrak could get only limited information as to who would or could claim an interest in the Subject Property Interest. Amtrak knew that USSM had some involvement with USI, but the exact nature of the involvement was unclear.

On April 14, 2022, Amtrak filed its Complaint to acquire the leasehold (the "Subject Property Interest"). *See generally* Compl. Amtrak alleged, based on the limited information then available to it, that USI was the owner of the Subject Property Interest, with USSM named as a defendant by virtue "of its relationship with USI as sole member of USI." Compl. ¶¶ 17–18. USSM's Answer to the Complaint affirmed this relationship: USI, a limited liability company (LLC), owned the Subject Property Interest and USSM was a "member" of this limited liability company. USSM's Answer ¶ 12 (ECF No. 38) ("Investco is the owner of the Subject Property interest and Sole Member is the sole member of Investco."). USSM did not assert that it had any interest in the Subject Property Interest and it did not assert that it held a lien on the Subject Property Interest.

Shortly after the filing of the Complaint, the nature of USSM's relationship to USI—as well as the question of who controlled USI—became the subject of separate litigation in the United States District Court of the Southern District of New York (*see* Prelim. Inj. Order 2–3, *Daol Rexmark Union Station LLC v. USSM*, Case No. 22-cv-06649 (S.D.N.Y. Aug. 5, 2022), ECF No. 39 ("Prelim. Inj. Order")). That court has enjoined USSM from "holding itself out as the owner or in control of" USI and "exercising or purporting to exercise any contractual or other legal right of USI." *Id.*

Recent depositions confirm that USSM has no ownership interest in the Subject Property

3

Interest. During the deposition of USSM's corporate designated witness, Yossi Preiserowicz ("Joe Press" or "Mr. Press"), Mr. Press testified that USSM did not own the Subject Property Interest; rather, USSM was a member of USI, which was the owner of the Subject Property Interest. This can be seen in the following exchange:

> Q. I have a couple of questions about the entities in general. USSM is an LLC, correct?
> A. Yes.
> Q. It is formed in Delaware?
> A. I believe so.
> Q. And it never held an ownership interest in the leasehold itself, is that correct?
> A. I don't know if that's -- I mean it held an ownership in the entity that owned the leasehold.
> Q. USI is a Delaware LLC [sic], correct?
> A. I believe so.
> Q. And it had membership interests, correct?
> A. Yes.
> Q. And one of the members was USSM, correct?
> A. Yes.
> Q. And so that's the interest that USSM had, not an interest in the property itself, correct?
> A. Yes.
> Q. And USI was the owner of the subject property interest as that term is used in the complaint as of 4/14/2022?
> A. Of the leasehold.

Dep. of Corporate Designee of USSM, Yossi Preiserowicz a/k/a Joe Press (Joe Press Dep.), 188:25–190:2 (Ex. 1)[4]; *see also* USI's Answer ¶ 17, ECF No. 36 ("Defendant [USI] admits Defendant is a limited liability company organized under the laws of the State of Delaware and that Defendant is the current owner of the Subject Property Interest."). Mr. Press, the corporate designee of USSM, confirmed that the entity's interest was transferred by virtue of the foreclosure sale to another entity, as noted in the following exchange:

> Q. Now there was a foreclosure of the mezz loan on June 14,

---

[4] The Joe Press deposition transcript pages are attached as Exhibit 1. Mr. Press was the corporate designee for USSM. Joe Press Dep. 16:13–17:13.

|   |   |   |
|---|---|---|
|   |   | 2022, correct? |
|   | A. | I don't recall the exact date. |
|   | Q. | You're aware it's in June 2022, correct? |
|   | A. | Yes. |
|   | Q. | And this is one of the subject matters of the litigation in the Southern District of New York, correct? |
|   | A. | Yes. |
|   | Q. | The foreclosure was of the interest of USI, correct? |
|   | A. | Yes. |
|   | Q. | And that interest was subsequently transferred to Dow (sic) Rexmark. Is that correct? |
|   | A. | I don't know the exact entity. |
|   | Q. | It was transferred to another entity, correct? |
|   | A. | Correct. |

Joe Press Dep. 248:3–20 (Ex. 1).[5]

Indeed, this Court in its Memorandum Opinion, ECF No. 106 issued April 17, 2024, found that USI was no longer owned by USSM, stating:

> USI was previously wholly owned by USSM. USSM is a limited liability company wholly owned by Ashkenazy Union Station Holdings, LLC, a New York-based redevelopment company. Jt. Ex. 3, at 5; Compl., *Daol Rexmark Union Station v. USSM*, No. 22-cv-6649 (S.D.N.Y.), ECF No. 1, ¶ 8 [hereinafter *Rexmark* Compl.]; Answer, *Daol Rexmark Union Station v. USSM*, No. 22-cv-6649 (S.D.N.Y.), ECF No. 45 [hereinafter *Rexmark* Answer], at 3.

ECF No. 106 at 14.

Daol Rexmark Union Station LLC ("Daol Rexmark") is now the managing member of USI. Michael Rebibo Dep. 32:25–33:24 (Ex. 2). Daol Rexmark is owned by the KTB CRE Debt Fund No. 8, and Mr. Rebibo is the asset manager as well as one of Daol Rexmark's managing members. *Id.* at 33:25–34:25; *see also* Sept. 11, 2023, Hr'g Tr., Direct Examination of Michael

---

[5] Discovery has also revealed that shortly after the Complaint was filed, USSM's membership interests in USI were purchased at a foreclosure sale and transferred to a new entity, Daol Rexmark Union Station LLC. *See* Dep. of Corporate Designee of Kookmin, Michael Rebibo (Michael Rebibo Dep.), 32:25–33:15 (attached as Exhibit 2); *see also* USSM's Responses to Lender's Requests for Admissions at pp. 9–11 (admitting that a foreclosure sale was held for USSM's membership interest in USI, USSM did not contemporaneously object to the sale or file for USI's bankruptcy, and the membership interests were purchased) (attached as Exhibit 3).

Rebibo, 271:4–10 ("USI is a subsidiary of another entity which was formed last year called Daol Rexmark Union Station, LLC, and I'm one of the managing members of that entity.").

Accordingly, USSM does not possess an ownership interest in the Subject Property Interest.

### III.    LEGAL STANDARD

Under Rule 71.1(c)(3), which governs eminent domain actions filed in the United States District Court, a condemnor must join as defendants entities that "have or claim an interest in the property" being acquired.  "Condemnation is an action *in rem,* involving the property itself. Only parties with either a legal or equitable interest in the property may share in the condemnation award. Where a party lacks such an interest, dismissal is appropriate." *State v. Lee*, 163 Wash. App. 1007, 2011 WL 35030203, at *3 (2011) (unpublished table decision) (internal citations omitted)).

The court has broad authority to dismiss "*at any time* dismiss a defendant who was unnecessarily or improperly joined." Fed. R. Civ. P. 71.1(i)(2) (emphasis added); *cf* Fed. R. Civ. P. 21 (permitting the Court, "[o]n motion or on its own," to "drop a party" that has been misjoined).

"[A] properly joined party may later be dismissed 'where it develops that he has no interest.'"  *United States v. 88.28 Acres of Land*, 608 F.2d 708, 711 n.2, 712 (7th Cir. 1979) (quoting the original Advisory Committee Note for Rule 71A(i), the predecessor to current Rule 71.1(i)); *see also EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-cv-58, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012) ("[U]nder Rule 71.1(i)(2), the Court may dismiss any defendants who no longer have an interest in the property to be condemned."); *Port of Grays Harbor v. Bankr. Estate of Roderick Timber Co.*, 869 P.2d 417, 420 (Wash. Ct. App. 1994) (same) (citing *88.28 Acres of Land* and Deborah B. Dove, Annotation, *Dismissal, Under*

6

*Rule 71a(i)(3) of Federal Rules of Civil Procedure, of Defendant Unnecessarily or Improperly Joined in Condemnation Action*, 57 A.L.R. Fed. 490 (1982)).

In determining whether a party has or claims a proper interest in the condemned property, "courts generally turn to an examination of state law, and examine whether the [condemnation] actually interfered with the claimant's antecedent bundle of rights." *Mt. Valley Pipeline, LLC v. Easements to Construct, Operate & Maintain a Nat. Gas Pipeline Over Tracts of Land in Giles Cnty.*, No. 17-cv-492, 2019 WL 3536825, at *3 (W.D. Va. Aug. 2, 2019) (alteration, internal citations, and quotation marks omitted).

Finally, Rule 71.1(j)(2) states that "the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay compensation."

## IV.   ARGUMENT

### A.  USSM should be dismissed because it was unnecessarily or improperly joined.

USSM should be dismissed because it has never held, and does not now hold, an interest in the Subject Property Interest. USSM did not have any property taken by Amtrak and therefore is not entitled to payment of just compensation.

Under Delaware law, neither shareholders of a corporation nor holders of membership interests in a limited-liability company hold an interest in property owned by such business entities. *See Jordan v. Mirra*, No. 14-cv-1485, 2022 WL 610713, at *8 (D. Del. Feb. 22, 2022). "Delaware courts have long recognized that a shareholder's equitable interest '[in] the profits and in the distribution of assets on liquidation' does not grant them any 'interest in any specific assets of the corporation.' . . . This holds equally true for the non-incorporated business entities such as LLCs. The Delaware LLC Act states that '[a] member has no interest in specific limited liability company property.'" *Id.* (quoting *Buechner v. Farbenfabriken Bayer Aktiengesellschaft*, 154 A.2d 684, 686

(Del. Ch. 1959), and 6 Del. Code § 18-701) (brackets in original)).

The preeminent treatise on condemnation agrees: Ownership interest in a business entity that holds real property being acquired in an eminent domain action does not make the holder of such business ownership interest a proper party to an eminent domain action. *See* 2 Julius Sackman et al., *Nichols on Eminent Domain* § 5.06[2] (Matthew Bender, 3d ed. 2024) ("A stockholder of the condemnee has no interest in the property being condemned and is not a proper party to the action.").

Case law further supports dismissal of holders of such tangential interests. For example, the appellate court in *Port of Grays Harbor*, an eminent domain action, considered whether the lower court's refusal to dismiss the sole stockholders of a corporate entity that owned the condemned land was error. 869 P.2d at 418. More specifically, the condemned land was held by a company of which the shareholders were the sole shareholders, a bank later foreclosed on a deed of trust, and the company was deemed bankrupt. *Id.* at 418–19. The condemnor initially named the bankruptcy trustee and the foreclosing bank as defendants, and joined the shareholders to the condemnation proceedings later once they asserted a claim and argued that as the sole shareholders they would receive any money left after satisfying creditors. *Id.* at 419. The appellate court determined that "it was clearly proper for the Port to join [the shareholders] in the first instance, because they were vocally asserting or claiming an interest in the property." *Id.* But the court further found that "[i]f it is determined that the putative condemnee [did] not have the requisite interest in the property, then dismissal from the proceedings should follow." *Id.* at 420. The appellate court determined that the motion to dismiss the shareholders as defendants should have been granted as the shareholders had "no interest in the property being condemned, and are not necessary parties to a condemnation action." *Id.* (citing 2 Nichols on Eminent Domain § 5.08 (3d

rev. ed. 1989) and *City of Riverside v. Malloch*, 37 Cal. Rptr. 862 (Cal. Ct. App. 1964) (shareholder of a mutual water company in eminent domain proceeding could not assert an interest in the property being condemned when the property was owned by the water company)). It did not matter that the shareholders claimed economic consequences would flow from the condemnation: "[P]ersons who might suffer only collateral economic consequences are not entitled to participate." *Port of Grays Harbor*, 869 P.2d at 420.

The same principles have been repeated in countless other condemnation cases. *See, e.g.*, *Mt. Valley Pipeline, LLC v. Easements to Construct, Operate & Maintain a Nat. Gas Pipeline Over Tracts of Land in Giles Cnty.*, No. 17-cv-00492, 2020 WL 2840165, at *3 (W.D. Va. June 1, 2020) (dismissing from condemnation action a later joined party to whom the owner sold the property subject to the condemned property interests after the condemnation action began when the prior owner was to whom just compensation was owed); *United States v 29.16 Acres, More or Less Valley Forge Nat'l Hist. Park,* 496 F. Supp. 924, 928–30 (E.D. Pa. 1980) (entry of judgment where named party had no legally cognizable claim to title upon examination of state law).

Like the defendants in *Port of Grays Harbor*, *Mt. Valley Pipeline, LLC* and *597.75 Acres of Land*, who as a matter of law had no interest in the property being acquired through condemnation, USSM should be dismissed as a party. Amtrak did not take USSM or USSM's interest in USI. USSM cannot support a claim for entitlement to just compensation because its property was not taken, and therefore it is properly dismissed from the action.[6]

---

[6] For the sake of argument, if USSM had a claim in this action because it was the owner of an interest *in USI itself*, it does not any longer because Daol Rexmark is now the owner of that interest. USSM's interests in USI were foreclosed upon and transferred. USSM's Responses to Lender's Requests for Admissions at pp. 9–11 (attached as Exhibit 3). Further, USSM is enjoined from asserting that they own or control USI, exercise USI's legal rights, or can control transfer of assets to or from USI. *See* Prelim. Inj. Order 2–3. Fed. R. Civ. P. 71.1(g) provides: "If a defendant dies, becomes incompetent, or transfers an interest after being joined, the court may, on motion and notice of hearing, order that the proper party be substituted." In the alternative to dismissing USSM outright, then, the Court could substitute Daol Rexmark in USSM's stead—which has the same result as dismissal of USSM.

### B. Dismissal would simplify this proceeding.

The continued presence of USSM as a party unnecessarily complicates this matter and could delay the payment of just compensation.

"Rule 71.1 has been characterized as a rule to provide a simple and uniform procedure that allows landowners to receive their *compensation* more quickly." *Mt. Valley Pipeline, LLC*, 2019 WL 3536825, at *5 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3041 (3d ed. 2018)). It is now undisputed that the Subject Property Interest at the time the instant action was filed was owned by USI—as the property's *only* owner, with Kookmin holding a lien on said property. Because USSM did not and does not hold an interest in the Subject Property Interest and because USSM has not had any property taken in this action, this Court can determine that USSM is not entitled to distribution of just compensation—and consequently it has no right to participate further in these proceedings.

Furthermore, USSM should not remain a party after the parties with interests have reached a settlement because it would contravene Rule 71.1(j)(2)'s command that "the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay compensation."

Allowing USSM to participate in the compensation phase of this case also contravenes the injunction issued by the New York court. Specifically, the Southern District has enjoined USSM from "holding itself out as the owner or in control of" USI and "exercising or purporting to exercise any contractual or legal right of USI." Prelim. Inj. Order 2–3. To the extent USSM seeks to derive compensation here relating to property owned by USI, such an effort would violate the terms of that injunction.

Finally, USSM being dismissed or substituted does not leave it without recourse or its

collateral interest in the outcome unguarded.  USSM's and Lender's litigation before the United States District Court for the Southern District of New York is ongoing, and USSM can seek relief from that court.  That court—and not this Court which sits *in rem*—should resolve any issues between Lender and USSM, particularly as those disputes do not concern who is the owner of the Subject Property Interest.

## V. CONCLUSION

Based on the foregoing, Amtrak respectfully requests that the Court find that USSM should be dismissed as a defendant pursuant to Fed. R. Civ. P. 71.1(i)(2).  Amtrak and Lender request that the Court grant this Motion on an expedited basis to facilitate the prompt payment of compensation in accordance with Rule 71.1.  A proposed order is attached to this Motion.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION**

/s/ Patricia McHugh Lambert
Patricia McHugh Lambert, US DC Bar ID MD0008
Kambon R. Williams, US DC Bar ID MD29872
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD  21204
Telephone: 410-938-8800
Fax: 410-832-5650
plambert@pklaw.com
kwilliams@pklaw.com


/s/ Lindsay C. Harrison
Lindsay C. Harrison, DC Bar #977407
Jessica Ring Amunson, DC Bar #497223
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412

Telephone: 202-639-6000
Fax: 202-639-6066
lharrison@jenner.com
jamunson@jenner.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia, using the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

Dated:  February 6, 2025                       */s/ Lindsay C. Harrison,*
                                                                Lindsay C. Harrison