# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),<br><br>Plaintiff,<br><br>v.<br><br>SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST MADE AS OF JANUARY 25, 2007, WITH SAID PROPERTY INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION LOCATED AT 50 MASSACHUSETTS AVENUE, NE WASHINGTON, D.C. 20002; UNION STATION INVESTCO, LLC; UNION STATION SOLE MEMBER, LLC; KOOKMIN BANK CO., LTD. individually and in its capacity as trustee of KTB CRE DEBT FUND NO. 8, a Korean Investment trust, and unknown owners,<br><br>Defendants. | Case No. 1:22-cv-01043-APM |

### UNION STATION SOLE MEMBER LLC'S RESPONSESAND OBJECTIONS TO KOOKMIN BANK CO., LTD.'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure 26, 33, and 36, Defendant Union Station Sole Member LLC by and through their undersigned counsel, hereby provide their Responses and Objections to the Interrogatories ("Interrogatories") and Requests for Admission ("Requests") served by Defendant Kookmin Bank Co., Ltd., individually ("Kookmin") and its capacity as trustee ("Trustee") of KTB Debt Fund No. 8, a Korean Investment Trust ("Trust"), by its agent on behalf of the Trust in Korea, Daol Fund Management Co. ("Daol"), and by its agent on behalf of the Trust in the United States, Rexmark Holdings LLC d/b/a Rexmark

1

("Rexmark," and together with Kookmin, Trustee, the Trust, and Daol, "Lender") on September 30, 2024.

## GENERAL OBJECTIONS

1. USSM objects to each and every Interrogatory and Request to the extent that they improperly seek admissions beyond the scope permitted by the Federal Rules Civil Procedure ("FRCP"), including FRCP 26.

2. USSM objects to the Interrogatories and Requests on the grounds that they are overly broad and seek information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Nothing contained in any Response shall be deemed to be an admission, concession, or waiver by Defendant as to the relevance, materiality, or admissibility of any information.

3. USSM objects to the Interrogatories and Requests on the ground that they seek information or documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or the common interest privilege, and/or that were created in anticipation of litigation or are protected by other applicable privileges or immunities. The inadvertent disclosure of any information subject to such privilege or immunity is not intended to relinquish any privileges and shall not be deemed a waiver of any applicable protection or law.

4. USSM objects to the Interrogatories and Requests to the extent that they seek admissions with respect to material or ultimate issues in the action.

5. USSM objects to the Interrogatories and Requests to the extent that they incorporate vague, ambiguous, or undefined terms.

6. USSM objects to the Interrogatories and Requests on the ground that they mischaracterize the claims and defenses in this action, assume facts that are in dispute and/or are otherwise argumentative, and are therefore improper.

7. USSM objects to the Interrogatories and Requests to the extent that they call for a legal conclusion. A response by USSM shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in these Interrogatories and Requests.

8. USSM's objections, as set forth herein, are based upon information presently known to it. USSM reserves their right to (a) rely on any facts, documents, or other evidence which may develop or subsequently come to their attention, (b) assert additional objections or supplemental responses should they discover additional information or grounds for objections, and (c) supplement or amend these Responses at any time, up to and including the day of trial.

9. USSM reserves the right to object on any ground at any time to such other or supplemental Interrogatories and Requests as Lender may at any time propound involving or relating to the subject matter of the Interrogatories and Requests.

10. These General Objections are hereby incorporated into each and every Response to the Interrogatories and Requests, and do not limit the specific objections stated therein. No Response to the Interrogatories or Requests shall be deemed a waiver of any or all of the General Objections.

**OBJECTIONS TO THE DEFINITIONS**

1. USSM objects to the definition of "Ashkenazy-related entities" because it is overly broad. USSM will construe all references to "Ashkenazy-related entities" as meaning

Union Station Investco, LLC ("USI"), USSM, Ashkenazy Acquisition Corp., Ashkenazy Union Station Holding LLC, and BA Union Station Manager LLC.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing General Objections and Responses, which are incorporated herein by reference as if fully set forth in each response, USSM objects and responds to the Interrogatories as follows:

### INTERROGATORY NO. 1:

Identify all offers received for the purchase of all or part of the Subject Property Interest or for equity in one of Ashkenazy-related companies that held an interest in the Subject Property Interest. In so doing, please provide the entity name of the offeror and principal contact, the circumstances of the offer, the terms of the offer, the date the offer was made, and whether the offer resulted in subsequent negotiations.

### RESPONSE:

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to this Interrogatory because it seeks information that is not relevant to the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. USSM further objects to this Interrogatory because it is overly broad, unduly burdensome and not reasonably limited in time or scope. The discovery sought by this Interrogatory is not proportional to the needs of the case. USSM further objects to this Interrogatory insofar as it seeks information and requires the disclosure of information that is confidential and proprietary and may otherwise be subject to confidentiality obligations with a non-party restricting the disclosure of such information.

Subject to and notwithstanding the foregoing objections, USSM states that as of December 21, 2020, entities related to USSM entered into agreements with the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") pursuant to which PIF would obtain a an indirect equity interest in the Subject Property Interest. Pursuant to FRCP 33(d), USSM has or will produce documents sufficient to show this offer.

4

**INTERROGATORY NO. 2:**

Identify any expert(s) retained by USSM in connection with this litigation.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to this Interrogatory on the ground that it seeks expert discovery in advance of the deadlines for disclosure of that information set by the Court. USSM further responds that it will provide all required expert witness disclosures at the times set by the Court.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSIONS**

Subject to and without waiving the foregoing General Objections and Responses, which are incorporated herein by reference as if fully set forth in each response, USSM objects and responds to the Requests as follows:

**REQUEST FOR ADMISSION NO. 1:**

The Mezz Loan was secured by USSM's 100% membership interest in USI as collateral (the "USI Equity").

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

In May 2020, USSM defaulted on the $100 million Mezz Loan by failing to pay the amounts due and owing.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Non-payment of monthly debt service constitutes an Event of Default under the Mezz Loan Agreement.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 3 on the ground that it is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 3.

**REQUEST FOR ADMISSION NO. 4:**

At the request of USSM, Lender agreed to a forbearance in which USSM could make certain payments after a deferral period without Lender exercising its rights and remedies under the Mezz Loan and Pledge Agreements (the "Mezz Loan Forbearance").

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

The duration of the Mezz Loan Forbearance covered May 9, 2020 through March 8, 2021.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 5 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 5.

**REQUEST FOR ADMISSION NO. 6:**

USSM failed to make its obligated payments under the Mezz Loan Forbearance, putting USSM in default of the Mezz Loan Forbearance almost immediately.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 6 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**

At some point in December 2020, Ashkenazy reached a deal with the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") in which PIF would receive equity in Ashkenazy Union Station Holdings LLC, the parent company to USSM (the "PIF Deal"), as documented in the Contribution Agreement dated December 21, 2020.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

In February 2021, PIF made a $100 million hard deposit into an escrow account in connection with the PIF Deal.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

On March 22, 2021, having not received any payments on the Mezz Loan Forbearance, Lender issued a notice of default of the Mezz Loan to USSM.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 9 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 9.

**REQUEST FOR ADMISSION NO. 10:**

In May 2021, PIF exercised its right to terminate the PIF Deal due to failure to obtain the consent of the Senior Lender (as defined in the Contribution Agreement) of the Mortgage Loan.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 11:**

On June 16, 2021, Lender noticed default to USSM for nonpayment under the Mezz Loan.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 11 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 11.

**REQUEST FOR ADMISSION NO. 12:**

On November 12, 2021, Lender provided USSM notice that the Mezz Loan was accelerated due to continuing default, making the outstanding balance due and payable in full.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 12 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 12.

**REQUEST FOR ADMISSION NO. 13:**

On May 13, 2022, Lender provided notice to the relevant parties that Lender would foreclose on the Mezz Loan on June 14, 2022 (the "Foreclosure Sale")

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 13 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 13.

**REQUEST FOR ADMISSION NO. 14:**

The Mezz Loan was not paid off before the Foreclosure Sale took place.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 14 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 14.

**REQUEST FOR ADMISSION NO. 15:**

On June 14, 2022, the Foreclosure Sale was held as planned.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 15 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits Request No. 15.

**REQUEST FOR ADMISSION NO. 16:**

USSM did not attend the Foreclosure Sale, did not file for bankruptcy, did not file for an injunction order from a court to block the Foreclosure Sale, and did not take any action to prevent the Foreclosure Sale from proceeding.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 16 on the ground that it is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. USSM further objects that Request No. 16 because it assumes disputed facts and calls for legal conclusions.

Subject to and notwithstanding these objections, USSM admits that USSM did not attend the Foreclosure Sale, did not file for bankruptcy, and did not seek an injunction order from a court to block the Foreclosure Sale. USSM denies the remainder of Request No. 16.

**REQUEST FOR ADMISSION NO. 17:**

Lender was the only qualified purchaser at the Foreclosure Sale and bid the full amount of the outstanding debt on the Mezz Loan.

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 17 on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding these objections, USSM admits that Lender was the only bidder at the Foreclosure Sale and bid the full amount of the outstanding debt on the Mezz Loan. USSM denies the remainder of Request No. 17.

**REQUEST FOR ADMISSION NO. 18:**

Lender held the first lien position of the Subject Property Interest as of the date of taking, April 14, 2022

**RESPONSE:**

In addition to its General Objections, which are hereby incorporated by reference, USSM objects to Request No. 18 on the ground that it is vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  USSM further objects that Request No. 18 because it assumes disputed facts and calls for legal conclusions.

Subject to and notwithstanding these objections, USSM admits Request No. 18.


Dated:  October 30, 2024          KASOWITZ BENSON TORRES LLP

                                  By:    /s/ *David E. Ross*
                                      Henry B.  Brownstein, D.C.  Bar #1026042
                                      1401 New York Avenue, Suite 401
                                      Washington, DC 20005
                                      Telephone: (202) 760-3400
                                      hbrownstein@kasowitz.com

                                      David E.  Ross (*pro hac vice*)
                                      David J. Mark (*pro hac vice*)
                                      Daniel J. Koevary (*pro hac vice*)
                                      1633 Broadway

New York, NY 10019
Tel.: (212) 506-1700
dross@kasowitz.com
dmark@kasowitz.com
dkoevary@kasowitz.com

*Attorneys for Defendant Union Station Sole Member LLC*