IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| | * | CIVIL ACTION NO. 1:22-CV-01043 |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S RESPONSE TO NOTICE OF LIEN
FILED BY DISTRICT OF COLUMBIA**

In accordance with the Minute Order dated February 28, 2025, Plaintiff National Railroad Passenger Corporation ("Amtrak") hereby responds to the Notice of Lien filed by the District of Columbia (the "District"), specifically addressing, as requested by the Court, how it affect the resolution of this matter:

1. After the District's Notice of Lien was filed, counsel for Amtrak contacted counsel for the District of Columbia to discuss the District's position and the relief it was seeking. In that conversation (which was confirmed by the email string attached as **Exhibit 1)**, the District confirmed the following:

   A. The District "is not claiming an interest in the eminent domain proceeding, is not seeking to intervene as a party, and is not claiming that it is entitled to share in just compensation." Rather, the District "believes that if USI receives money that [the District's] lien would attach to that money."

    B. The District is not contending that it has a lien on the amounts "paid to the Lender (as opposed to USI)."

    C. The District is "taking no position as to the settlement."

2. The District's Notice of Lien has no bearing on Amtrak's Motion to Dismiss USSM as Defendant (ECF 168). The District takes no position as to this Motion—and it is not seeking to be a party to this proceeding or to claim a right to just compensation.

3. Nor does the Notice of Lien affect the Joint Motion for Entry of a Consent Order for Final Judgment (ECF 167). The District takes no position with respect to the settlement, is not a party, and has not opposed the relief sought in the Joint Motion.

4. Further, the lien does not and cannot attach to the Subject Property Interest. The District does not contend otherwise, and indeed could not given that title vested in Amtrak back in 2022 when the declaration of taking was filed and deposit made. *See* 49 U.S.C. 24311(b)(2).

5. Consequently, there is no action for the Court to take in response to the District's Notice of Lien and it may promptly resolve the two pending motions.

6. This Response has been reviewed by counsel for the District of Columbia; said counsel has advised that Amtrak can represent that the District agrees with the statements made herein. *See* email attached as **Exhibit 2.**

        Respectfully submitted,

        COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION

        */s/ Patricia McHugh Lambert*
        Patricia McHugh Lambert, US DC Bar ID MD0008
        Kambon R. Williams, US DC Bar ID MD29872

>PESSIN KATZ LAW, P.A.
>901 Dulaney Valley Road, Suite 500
>Towson, MD  21204
>Telephone: 410-938-8800
>Fax: 410-832-5650
>plambert@pklaw.com
>kwilliams@pklaw.com
>
>*/s/ Lindsay Harrison*
>
>Lindsay Harrison, DC Bar #977407
>Jessica Ring Amunson, DC Bar #497223
>JENNER & BLOCK, LLP
>1099 New York Avenue, NW, Suite 900
>Washington, D.C. 20001-4412
>Telephone: 202-639-6000
>Fax: 202-639-6066
>lharrison@jenner.com
>jamunson@jenner.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2025, a copy of the foregoing pleading was served on all counsel of record by filing on the Court's ECF System.

>*/s/ Patricia McHugh Lambert*
>Patricia McHugh Lambert, US DC Bar ID MD0008