IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| | * | CIVIL ACTION NO. 1:22-CV-01043 |
| PLAINTIFF, | * | |
| v. | * | |
| | * | |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST, *et al.* | * | |
| | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL DECLARATION OF CHRISTOPHER J. FLACK

I, Christopher J. Flack, pursuant to 28 U.S.C. 1746, hereby declare as follows:

1. I previously signed and submitted a Declaration in support of Plaintiff's Motion to Enforce Settlement Agreement. This Supplemental Declaration responds to several new points made in Defendants' Opposition to Amtrak's Motion to Enforce Settlement Agreement. I am personally familiar with the facts set forth in this declaration.

2. Amtrak and the Defendants agreed that all terms relating to settlement would be set forth in the Settlement Agreement and only that Agreement—and the signed Settlement Agreement reflects this. I repeatedly made that clear in my discussions and communications with Defendants' counsel Jarrod Bernstein, the lawyer for Rexmark I dealt with in preparing the settlement.

3. I never told Jarrod Bernstein, Paul Kiernan, Michael Rebibo, or anyone else associated with Rexmark/USI that Amtrak would pay or otherwise be responsible for debts, obligations, or liabilities that Defendants incurred before the July 29, 2024 transfer of possession to Amtrak. And in the settlement discussions that I participated in, I never heard anyone from Amtrak agree

to assume these obligations. I made clear to Jarrod Bernstein that Amtrak was not indemnifying the Defendants for anything.

4. I also never told Jarrod Bernstein, Paul Kiernan, Michael Rebibo, or anyone else associated with Rexmark/USI that Amtrak would give tenants credit for any payments made to the Defendants after possession was transferred to Amtrak. Nor did I tell them that Amtrak would waive the right to collect such rents. And I never told them that Amtrak would indemnify or otherwise protect Defendants from claims that might be made by such tenants. In fact, I told Jarrod Bernstein that Amtrak would not indemnify or protect Defendants from such claims.

5. In paragraph 5 of his declaration, Mr. Kiernan makes several statements that I wish to respond to. First, he says that the parties had come to an agreement at 1:20 p.m. on February 4, 2025 as to the release language. That is not correct. The release language continued to be discussed after that date and time and up until the final Settlement Agreement was signed—and the language changed several more times in subsequent drafts that were exchanged.

6. Second, Mr. Kiernan references a statement he says I made to him. Although he is very precise in his declaration about dates and times of various emailed communications, he does not say when he believes I said to him, "you have the language you need." During the final week of negotiations, I had several conversations with Rexmark's counsel about the release language. I said that while the language of the release would not include everything Mr. Rebibo wanted, it was a good compromise because it meant that Rexmark and Amtrak would be giving up claims that might have been viable but would have been a mess to continue to litigate. The final settlement language that was adopted was a good and fair settlement to a hard-fought dispute— and I told Remark's counsel this. I do not recall saying "you have the language you need," but if I did use those words, I would have meant them to the effect of, "you may not have everything

you want, but you have what you need"—i.e., a fair price for the Subject Property Interest and a release from Amtrak of Amtrak's claims against Rexmark/USI. I certainly did not say or imply that Rexmark/USI was getting everything they wanted out of a deal since that's never true in an arms-length negotiation between two sophisticated parties.

I declare under penalty of perjury, on this 23d day of June, 2025, that the foregoing is true and correct.

Signed by:
*Christopher Flack*
170DED5FCFF9407...
Christopher J. Flack