UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)<br><br>   Plaintiff,<br><br>v.<br><br>SUBLEASE INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION, et al.<br><br>   Defendants. | 1:22-cv-01043-APM<br>Judge Amit P. Mehta |

**DEFENDANTS' OPPOSITION TO AMTRAK'S MOTION
FOR LEAVE TO FILE DECLARATIONS**

On June 24, 2025—a week after the close of the agreed-upon briefing schedule—Amtrak filed additional record materials for consideration in support of its Motion to Enforce Settlement Agreement which had been filed on June 10, 2025. Although the Court had not ruled on whether to allow the submission of additional materials, Amtrak filed the two declarations anyway. Defendants ask that the Court deny leave to supplement the record and not include the declarations in the record on the pending motions.

1. **Sequence of submissions.**

The briefing schedule was established by the parties and the Court at the status conference held on May 27, 2025. The parties agreed that each would file by June 10th its own motion to enforce the settlement and a reply by June 17th. (Tr. May 27, 2025 Status Conference at 25-26.) That schedule was confirmed by the Court's Minute Entry of May 27, 2025. Neither party moved to extend or amend that schedule, and neither party moved to provide for a reply brief. Moreover, the Court limited the parties to 10 pages of argument per motion or opposition, not including the exhibits. The schedule and order made plain that briefing had to be concise but that exhibits were

alright to include.

Amtrak filed with its motion on June 10th a declaration from attorney Christopher Flack in which Mr. Flack testified about the negotiation of the settlement agreement, including references to proposed language that ultimately was not included in the executed document and discussions about the agreement. Mr. Flack detailed what he communicated about Amtrak rejecting provisions of the settlement agreement or proposals to deal with certain obligations. Amtrak was not page-limited regarding Mr. Flack's Declaration which, with attached exhibits, was quite voluminous.

In opposing Defendants' Motion to Enforce Settlement Agreement on June 17th, Amtrak elected not to submit any declarations, even though Defendants had submitted with their Motion a detailed declaration from Michael Rebibo about the negotiations of the settlement agreement, the global release, and the circumstances of the settlement. With its Opposition, Amtrak did not submit testimony from Mr. Flack or Louis Wolfowitz or anyone else to refute or respond to Mr. Rebibo's explanation of the events or the arguments in Defendants' Motion.

By contrast, Defendants filed with their opposition to Amtrak's Motion to Enforce Settlement Agreement a declaration from counsel that responded to Mr. Flack's declaration and arguments asserted in Amtrak's brief; and a declaration from Mr. Rebibo restating some of the points from his first declaration and responding to the arguments raised in Amtrak's brief.

On June 24, 2025, Amtrak moved for leave to file a second declaration from Mr. Flack and a declaration from Louis Wolfowitz, who had served as Vice President of Real Estate and Commercial Development at Amtrak.

**2. Amtrak Has Not Demonstrated Good Cause for the Additional Briefing.**

Amtrak is too late to file additional materials in support of its Motion to Enforce Settlement Agreement. The deadline for submitting such materials was June 10, 2025. The parties agreed that

each side would have a single motion and a single response. The record was closed as of June 17th, and the matter was submitted to the Court. The record should not be reopened just because Amtrak has now decided that it wished it had submitted additional information earlier.

### 3. Waiving the schedule would be unfair to Defendants.

Enforcing the deadline for submission is not unfair to Amtrak but waiving the deadline would be unfair to Defendants.

Amtrak argues that "it was Defendants' submission of new declarations with their Response [to Amtrak's Motion to Enforce Settlement Agreement] that prompted the need for this Motion." (Doc. 198 at 1-2.) That is plainly inaccurate. With their opening papers, each party submitted a declaration and argument about the negotiation of the Settlement Agreement, the circumstances of the settlement, and the nature of the claims being released. Defendants' Opposition declarations were in response to issues raised and points argued in Amtrak's Motion. To the extent that Amtrak now wishes that it had put more details in Mr. Flack's first declaration or had secured Mr. Wolfowitz's declaration in time for submitting with Amtrak's Opposition to Defendants' Motion, it is not because any issues or positions were expressed for the first time in Defendants' Opposition to Amtrak's Motion. It is not remotely analogous to the situation where the court allows the filing of a surreply brief because a "movant raises arguments for the first time in his reply to the non-movant's opposition." *Lu v. Lezell*, 45 F.Supp. 3d 86, 91 (D.D.C. 2014). Here, the shoe is on the other foot because it is Amtrak that wants to supplement its own Motion to Enforce to expand on arguments it already made in its own Motion.

Giving Amtrak "last licks" prejudices Defendants in their presentation, especially when the ground rules for these Motions were agreed to and clear and Amtrak never sought timely modification. Amtrak should not be encouraged to prolong the dispute with successive requests to

3

supplement the record. Worse still would be inviting a rolling production of responsive declarations back-and-forth in connection with resolving the Motion—which as Amtrak itself argues should be resolved based on a reading of the text itself.

Finally, in this particular situation, it was prejudicial for Amtrak to file the declarations before securing the Court's permission to file. Unlike a motion for leave to file an amended complaint—where the proponent is demonstrating what it seeks to amend and why amendment is necessary—Amtrak did not need to file the declarations themselves in order to make this motion. Amtrak was trying to get its merits argument into the mind of the Court before Amtrak knew whether the new information would be part of the record. It's like publishing the exhibit to the jury before the Court admits the exhibit, and it's not proper.

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Declarations.

*/s/ Paul J. Kiernan*
Paul J. Kiernan
HOLLAND & KNIGHT, LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Phone: (202) 663-7276
Paul.Kiernan@hklaw.com

*/s/ Y. David Scharf*
Y. David Scharf
Amber R. Will
*Admitted pro hac vice*
MORRISON COHEN, LLP
909 Third Avenue
New York, New York 10022
ydscharf@morrisoncohen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June 2025, I served a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to File Declarations on counsel of record via the CM/ECF filing system.

*/s/ Paul J. Kiernan*

4

#523821894_v1