UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. (AMTRAK)<br><br>       Plaintiff,<br><br>     v.<br><br>SUBLEASE INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION, et al.<br><br>       Defendants. | 1:22-cv-01043-APM<br>Judge Amit P. Mehta |

**OPPOSITION OF LENDER DEFENDANTS TO NONPARTY CHIPOTLE'S MOTION REQUESTING ORDER DIRECTING THE PARTIES TO FILE PUBLIC VERSIONS**

Lender Defendants[1] request that the Court deny the "Non-Party Motion Requesting Order Directing the Parties to File Public Versions of Filings Concerning Cross-Motions to Enforce Settlement Agreement." (DE # 200).[2] Applying the factors laid out in *United States v. Hubbard*, that apply to sealing or unsealing filings, Chipotle's motion fails to establish a sound reason for requiring the parties to spend time and money drafting public versions of the papers associated with the pending cross-motions to enforce the settlement or removing any documents from being under seal.

---

[1] Lender Defendants include Kookmin Bank Co., Ltd., in its capacity as trustee of KTB CRE Debt Fund No. 8, a Korean Investment Trust, by its agent in Korea Daol Fund Management Co. and by its agent in United States Rexmark Holdings LLC d/b/a Rexmark, and Union Station Investco, LLC ("USI").

[2] Defendants note that Chipotle has not filed a motion to intervene, which is the ordinary prerequisite for a nonparty seeking relief for a collateral purpose. *See, e.g., Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F.Supp. 3d 44 (D.D.C. 2021). Given the relaxed standard for granting permissive intervention in this setting, *see id.* at 50, Defendants file this opposition under the assumption that had a motion to intervene been filed, the Court would allow this motion to proceed.

**I. Status of the motions**. On June 10, 2025, Amtrak and Lender Defendants each filed a Motion to Enforce Settlement Agreement accompanied by a consent motion or an unopposed motion to make the filings under seal. (DE#s 194, 195). On June 17, 2025, the parties filed opposition papers, again accompanied by unopposed or consent motions to file under seal. (DE#s 196, 197). The motions before the Court concern only the interpretation of the settlement agreement. All of these motions remain pending.[3]

All parties requested filing under seal in order to keep confidential the terms of a settlement agreement and the negotiations leading to the settlement—while still being able to present to the Court information and argument about how the agreement should be construed. The settlement agreement had not previously been placed before the Court or made part of the record through any other motion practice. Both motions request a declaration from the Court about the proper construction of the settlement agreement. The parties do not seek any ruling from the Court about the claims or positions of any nonparties or a determination of any nonparties' claims. These motions are only about the interpretation of the contract between the parties, not about anyone else's contracts or claims.

Nonparty Chipotle asserts that it made rent payments to USI that USI should have paid over to Amtrak, and that Amtrak requested and received "double payment" for the same months of rent. In response to its inquiry, USI advised Chipotle that under the terms of the settlement agreement, Amtrak allowed USI to retain the rent payments and, therefore, USI was not liable to Chipotle. (DE# 200, at 3). To date, Chipotle has not taken any action against USI or Amtrak seeking repayment of the alleged double payment. However, Chipotle asserts that it should be

---

[3] On June 24, 2025, Amtrak filed a motion for leave to file declarations, to which the Lender Defendants filed their response on June 26, 2025. (DE#s 198, 199). These papers were not filed under seal.

permitted "to see the arguments made to this Court about the retention of rent payments." (DE# 200, at 5).

## II. Legal Standard.

The Court has discretion to decide whether to seal court records and that analysis begins with a strong presumption in favor of public access to judicial proceedings. *Robinson v. Washington Metro. Area Transit Auth.*, 2021 WL 12269575 *1 (D.D.C., October 18, 2021). In deciding whether a sealing request overcomes the presumption, the Court applies the six factors set forth in *Hubbard*:

> (1) the need for public access to the document to be sealed, (2) whether there has been previous public access, (3) whether a party has objected to disclosure of the document, (4) the strength of the privacy interests involved, (5) the possibility of prejudice, and (6) the purposes for which the document was introduced.

*Id*. (citing *United States v. Hubbard*, 650 F.2d 293, 316-22 (D.C. Cir. 1980)). The Court has the discretion to grant or deny a motion to seal in whole or in part. *See Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (citing *Hubbard*, 650 F.2d at 324).

## III. Argument.

Chipotle's motion cursorily passes over the *Hubbard* factors without analyzing each in turn. Construing Chipotle's motion as a motion to deny in part the parties' motions to keep the moving papers and attachments under seal, Lender Defendants submit that under the *Hubbard* factors, the papers should be under seal.

**(i) There is very little need for public access to the documents.** As noted in *Hubbard*, there is a stronger presumption of transparency in some judicial proceedings than in others, such as criminal cases, *Hubbard*, 650 F.2d at 317, or when the party seeking to seal documents asks to impose a blanket seal over an entire case or docket. *Id*. at 318. Here, the parties requested sealing

of a pair of motions and a handful of documents in a case that has already been concluded. The materials to be sealed were a settlement agreement, information about the back-and-forth of negotiating the settlement agreement, and argument on the question of how the parties are to construe their settlement contract in light of the language of the agreement and the history of the settlement process. The settlement amount and judgment entered in this case are available on the public record. There is no "need for public access" to the details about private business negotiations culminating in a private settlement agreement. Certainly, Chipotle does not have the "need" for access to such information since that information does not affect Chipotle's alleged claims or issues. The terms and negotiations of the settlement will not impact whether Chipotle is entitled to repayment of rental payments and from whom. The motions are only to resolve the parties' obligations to each other, not to Chipotle. Once the Court rules on the interpretation of the agreement, the parties' obligations regarding collected rent will become clear. This first factor weighs in favor of approving the sealing of the requested documents.

**(ii) There has been no previous public access**. There has been no previous public access to the settlement agreement or even disclosure to the Court or to parties who were dismissed from the action. There has been no previous revelation of the settlement's negotiation process either. This factor favors sealing.

**(iii) All parties have objected to disclosure of the document**. Both sides have requested the sealing of the motion papers and of the settlement agreement. Chipotle is a nonparty that has no interest in the terms or negotiations of settlement. This factor favors sealing.

**(iv) There are strong privacy interests involved**. The parties had strong and reasonable expectations of confidentiality about their settlement discussions. The settlement discussions occurred between the parties while this case was still pending and with the background that other

parties (for example, the Ashkenazy entities) were not part of the discussions and would not be privy to the information. Had the settlement effort failed, evidence of the negotiations and proposals would never have been made public in court.

Courts have recognized: "Because honoring settling parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage, an expectation of confidentiality in a settlement agreement can justify maintaining under seal the precise terms on matters that have no effect on the adjudication in which it is introduced." *Guzik v. Albright*, 2018 WL 6011612 *3 (S.D.N.Y., November 16, 2018)(cleaned up) (denying plaintiff's motion to unseal portions of documents at issue that reveal the terms of defendant's settlement agreement with third party except to the extent that those terms bear directly on the issues in the case). The settlement agreement here was not introduced to the Court for adjudication on the merits of the case, which are all of public record. Rather, the motions regarding the settlement agreement concern only in the interpretation of the parties' obligations thereunder. Chipotle has no interest in the settlement agreement itself to justify the parties having to redact the document and accompanying motion papers and attachments and refile on the docket for public access. This factor favors sealing.

**(v) Risk of prejudice**. The fifth *Hubbard* factor evaluates whether disclosure of the documents will lead to prejudice in future litigation to the party requesting the sealing. *Robinson v. WMATA*, 2021 WL 12269575 *2. Disclosure would frustrate the ability of parties to conduct confidential settlement negotiations leading to settlement and would discourage parties from being fully open and engaged in efforts to resolve disputes. While those considerations should be the dominant factor in this analysis, it is not clear that there is an additional "risk of prejudice" factor in this case.

**(vi) The purpose of using the documents favors sealing.** The sixth factor asks why the

document was introduced into the record and whether public disclosure would frustrate that purpose. *In re Chodiev*, 2021 WL 1795423 *6 (D.D.C., March 23, 2021). The parties have produced the settlement agreement and information about the negotiation of that settlement as part of cross-motions to enforce the settlement agreement after the case was concluded. The situation is analogous to the *Chodiev* case where CNN sought to unseal filings made by parties engaged in a dispute about the availability of discovery in a foreign proceeding. The party resisting discovery filed a motion to quash which contended that a confidential mutual release from an earlier dispute barred the enforcement of the subpoena against it. The court concluded that while the release was central to the court's resolution of the motion to quash (which would weigh against sealing), it would be "unreasonable to conclude that a party automatically forfeits the privacy inherent in a confidential settlement agreement by seeking a Court order enforcing the terms of such an agreement." *Id*. Because the party "should not be required to sacrifice one provision of the Release in order to enforce another one," the court concluded that the sixth factor "slightly favors maintaining the seal." *Id.*

Here, Amtrak and the Lender Defendants have sought the Court's assistance in construing and enforcing the settlement agreement between them. Because the parties resolved the case by requesting entry of a consent judgment, the Court did not review or approve the settlement agreement at the time the case was closed. It is necessary to put the settlement agreement before the Court in order to resolve a dispute about how it is enforced and the interpretation of the parties' obligations. But that should not require the parties to waive their expectation of confidentiality during the negotiations and in the settlement. The sixth factor favors sealing.

In sum, the *Hubbard* factors weigh in favor of the sealing requested by both parties and denial of Chipotle's motion. Moreover, it would be a waste of time and money to create new public versions of the documents at this late date, especially after the management of Union Station is undergoing more change with the Department of Transportation stepping into active management of the property in place of Amtrak. It is not efficient or appropriate to open a new litigation front over the contents of the filings, particularly when the resolution of the motion to enforce the settlement agreement does not affect any rights or claims of Chipotle. Defendants ask that the Court deny the motion.

| | |
|---|---|
| */s/ Paul J. Kiernan* | */s/ Y. David Scharf* |
| Paul J. Kiernan | Y. David Scharf |
| HOLLAND & KNIGHT, LLP | Amber R. Will |
| 800 17th Street, N.W., Suite 1100 | *Admitted pro hac vice* |
| Washington, D.C. 20006 | MORRISON COHEN, LLP |
| Phone: (202) 663-7276 | 909 Third Avenue |
| Paul.Kiernan@hklaw.com | New York, New York 10022 |
| | ydscharf@morrisoncohen.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September 2025, I served a true and correct copy of the foregoing Opposition on counsel of record via the CM/ECF filing system.

/s/ Paul J. Kiernan