IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| | * | CIVIL ACTION NO. 1:22-CV-01043 |
| PLAINTIFF, | * | |
| v. | * | |
| | * | |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST, *et al.* | * | |
| | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO NON-PARTY MOTION REQUESTING ORDER DIRECTING THE PARTIES TO FILE PUBLIC VERSIONS OF FILINGS CONCERNING CROSS-MOTIONS TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff National Railroad Passenger Corporation ("Amtrak") does not oppose the Motion by Non-party Chipotle Mexican Grill ("Chipotle") seeking for the parties to file public versions of certain filings (Docket No. 200). While the parties' Settlement Agreement was confidential when the parties made the relevant filings (Docket Nos. 194-197), conditions have since changed so that the *Hubbard* factors counsel in favor of disclosure under the terms of the Protective Order in this case. *See generally United States v. Hubbard*, 650 F.2d 293, 316-22 (D.C. Cir. 1980).

First, it is now evident that there is a greater need for public access to the sealed documents. Specifically, Chipotle's motion makes clear that Rexmark is misconstruing the terms of the Settlement Agreement between Amtrak and Rexmark in an effort not to return funds that Amtrak's tenants mistakenly paid to Rexmark. Rexmark should not be able to use the confidentiality of the Settlement Agreement as a shield against its own liability or a sword against Amtrak vis a vis its tenants. Disclosure of the Settlement Agreement would make clear that Rexmark's position about

1

its terms is incorrect. Without access to the Settlement Agreement, tenants have no real way to know that Rexmark's representations to them are inaccurate. The need for public access is therefore more evident now and favors disclosure.

Second, the risk of prejudice to the parties from disclosure of the Settlement Agreement is much less now that the Settlement Agreement has been in place for many months. Rexmark has suggested that disclosure of the Settlement Agreement would frustrate the parties' ability to negotiate a further settlement of the parties' dispute regarding the meaning of the Settlement Agreement, but it is hard to understand why that would be. Indeed, disclosure of the Settlement Agreement to third parties like Chipotle would in fact facilitate resolution of disputes with those third parties by allowing them to better understand the parties' rights and obligations. Finally, any purported prejudice could be mitigated by allowing Chipotle to access the Settlement Agreement consistent with the terms of the Protective Order in this case.

Accordingly, Amtrak does not oppose the relief sought in Chipotle's Motion.

                                              Respectfully submitted,

                                              **COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION**

                                              */s/ Patricia McHugh Lambert*
Patricia McHugh Lambert, US DC Bar ID MD0008
Kambon R. Williams, US DC Bar ID MD29872
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
Telephone: 410-938-8800
Fax: 410-832-5650
plambert@pklaw.com
kwilliams@pklaw.com

*/s/ Lindsay Harrison*
Lindsay C. Harrison, DC Bar #977407
Jessica Ring Amunson, DC Bar #497223

                                          JENNER & BLOCK, LLP
                                          1099 New York Avenue, NW, Suite 900
                                          Washington, D.C. 20001-4412
                                          Telephone: 202-639-6000
                                          Fax: 202-639-6066
                                          lharrison@jenner.com
                                          jamunson@jenner.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 19th day of September 2025, a copy of the foregoing pleading was served on all counsel of record by filing on the Court's ECF System.

                                      */s/ Lindsay Harrison*
                                Lindsay C. Harrison, DC Bar #977407