UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 22-cv-1043 (APM) |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST MADE AS OF JANUARY 25, 2007, WITH SAID PROPERTY INTEREST PERTAINING TO DESCRIBED LEASEHOLD INTERESTS AT WASHINGTON UNION STATION, et al., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the court are a host of sealing motions relating to the parties' cross-motions to enforce settlement, ECF Nos. 188 & 194–197, and a motion from non-party Chipotle Mexican Grill to unseal those filings, *see* Non-Party Mot. Requesting Order Directing the Parties to File Public Versions of Filings Concerning Cross-Mots. to Enforce Settlement Agreement, ECF No. 200 [hereinafter Chipotle Mot.]. After Chipotle's filing, Plaintiff National Railroad Passenger Corporation ("Amtrak") consented to publicly docketing the earlier filings, *see* Pl.'s Stmt. of Non-Opposition to Chipotle's Mot., ECF No. 203, but Lender Defendants opposed, *see* Opp'n of Lender Defs. to Chipotle's Mot., ECF No. 202 [hereinafter Lender Defs.' Opp'n].

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). "That presumption may be outweighed in certain cases," however. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). In *United States v. Hubbard*, the D.C. Circuit outlined six factors that district courts must consider when "presented with a motion to seal or unseal." *Id.*; *see United States v. Hubbard*, 650 F.2d 293, 317–322 (D.C. Cir. 1980). Specifically, the court should weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife*, 865 F.3d at 665 (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409). Here, the *Hubbard* factors weigh in favor of disclosure.

On the first factor, Lender Defendants contend that "[t]here is no 'need for public access' to the details about private business negotiations culminating in a private settlement agreement." Lender Defs.' Opp'n at 4. Facing a similar demand for sealing, the court in *Guttenberg v. Emery* rejected that very argument. It held that, notwithstanding that the case concerned a private confidential settlement agreement, "[t]he public's access to civil cases involving private disputes is intended to serve as a check on the judiciary," so the first factor militates against sealing. 26 F. Supp. 3d 88, 92 (D.D.C. 2014). This court agrees. Further, the case for unsealing is even more compelling than in *Guttenberg*, as the settlement here is not purely "private." Amtrak is a quasi-public entity, and the parties' dispute relates to a federally owned property—the Union

2

Station rail terminal. Those factors "strengthen[] the already strong case for access." *Nat'l Children's Ctr.*, 98 F.3d at 1409.

The second and third *Hubbard* factors favor sealing. The settlement agreement and related documents have not previously been made public, and Lender Defendants object to disclosure.

The fourth *Hubbard* factor, the strength of the privacy interests asserted, is at most neutral. "[U]nder this factor, the party seeking to avoid disclosure must identify specific privacy interests in the documents at issue." *Guttenberg*, 26 F. Supp. 3d at 94. Lender Defendants assert that "[t]he parties had strong and reasonable expectations of confidentiality about their settlement discussions." Lender Defs.' Opp'n at 5. To be sure, that is an "appropriate consideration." *Nat'l Children's Ctr.*, 98 F.3d at 1409. But the parties also agreed that the court would retain jurisdiction to resolve any disputes arising out of the settlement. Stipulated J., ECF No. 184, at 2. Lender Defendants' expectation of confidentiality therefore is tempered by their own consent to dispute resolution in a public forum.

The case that Lender Defendants cite, *Guzik v. Albright*, No. 16-cv-2257 (JPO), 2018 WL 6011612 (S.D.N.Y. Nov. 16, 2018), makes this very point. *See* Lender Defs.' Opp'n at 5 (citing *Guzik*). There, the court acknowledged the "expectation of confidentiality in a settlement agreement," but held that such interest did not extend to "those terms [that] bear directly on the issues in this case." *Guzik*, 2018 WL 6011612, at *3. The court therefore unsealed aspects of the settlement relevant to the issues in dispute but maintained the remainder under seal. *See id.* As discussed below, the court will strike a similar balance here.

The fifth *Hubbard* factor—the prejudice to Lender Defendants from disclosure—weighs against sealing. Lender Defendants argue that "[d]isclosure would frustrate the ability of parties to conduct confidential settlement negotiations leading to settlement and would discourage parties

3

from being fully open and engaged in efforts to resolve disputes." Lender Defs.' Opp'n at 5. "But [Lender Defendants] identif[y] no particular term of the Settlement Agreement that would place it at a disadvantage in future litigation. A generalized concern about future harm is unpersuasive." *Robinson v. Wash. Metro. Area Transit Auth.*, No. 21-cv-01393 (APM), 2021 WL 12269575, at *2 (D.D.C. Oct. 18, 2021).

The sixth *Hubbard* factor—the purpose for which the documents were presented to the court—weighs against sealing. "The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." *Guttenberg*, 26 F. Supp. 3d at 96 (citation omitted). Here, Lender Defendants ask the court to seal all filings relating to the parties' dispute, which, if allowed, would prevent the public from understanding the nature of the disagreement, the parties' respective positions, and how the court resolves them. To permit such fulsome sealing is inconsistent with the public's right to access.

On balance then, the *Hubbard* factors do not support Lender Defendants' blanket request to seal all filings relating to the parties' dispute simply because they touch on a settlement. That said, *Hubbard* does not compel disclosure of every document submitted to the court in its entirety. Those portions of the Settlement Agreement and settlement communications that are relevant to the parties' dispute shall be unsealed; the remainder shall not. With that distinction in mind, the court rules as follows with respect to the pending sealing motions.

- ECF No. 188: The parties' Joint Motion to File Under Seal and attached exhibits shall be unsealed in their entirety, except the Settlement Agreement at Exhibit 4. Only those clauses of the Settlement Agreement that are cited in the parties' later filings need be disclosed.

- ECF No. 194: Defendants' Motion to Enforce Settlement Agreement, ECF No. 194-1, shall be unsealed. Exhibit A to that motion, ECF No. 194-2, is the Settlement Agreement and shall be disclosed in the same manner as ECF No. 188. Exhibit B, ECF No. 194-3, the Declaration of Michael Rebibo, shall be unsealed, except paragraphs 9–12, which reference matters tangentially relating to the disputed

settlement terms.  The exhibits to the Rebibo Declaration shall remain sealed as they are drafts of the Settlement Agreement, except Paragraph 2.4, titled "Specific Released Claims," which is clause at the heart of the parties' dispute.

- ECF No. 195: Amtrak's Motion to Enforce Settlement Agreement, ECF No. 195-1, and the Declaration of Christopher J. Flack, ECF No. 195-2, shall be publicly docketed. The exhibits to the Flack Declaration shall be handled as follows:

    - Exhibit 1, ECF No. 195-3, shall be disclosed in its entirety, except that bank account information, emails, and telephone numbers may be redacted;
    - Exhibit 2, ECF No. 195-4, which is the Settlement Agreement, shall be disclosed in the same manner as ECF No. 188;
    - Exhibit 3, ECF No. 195-5, which is a settlement communication and draft settlement agreement, shall remain sealed, except redlined Paragraph 2.3, titled "Specific Released Claims";
    - Exhibit 4, ECF No. 195-6, which is a draft settlement agreement, shall remain sealed, except redlined Paragraph 2.4, titled "Specific Released Claims";
    - Exhibit 5, ECF No. 195-7, which is a draft settlement agreement, shall remain sealed, except redlined Paragraph 2.4, titled "Specific Released Claims";
    - Exhibits 6–8, ECF Nos. 195-8–195-10, are the parties' correspondence regarding the dispute and shall be unsealed.

- ECF No. 196: Amtrak's Response to Defendants' Motion to Enforce Settlement Agreement, ECF No. 196-1, shall be unsealed.

- ECF No. 197: Defendants' Opposition to Amtrak's Motion to Enforce Settlement Agreement, ECF No. 197-1, and the attached declarations, ECF Nos. 197-2 & 197-3, shall be unsealed.  The exhibits to the Supplemental Declaration of Michael Rebibo, ECF No. 197-3, shall remained sealed, however, as those exhibits reflect settlement terms and negotiations not directly relevant to the parties' dispute.

For the foregoing reasons, the parties' sealing motions, ECF Nos. 188 & 194–197, and Chipotle's motion to unseal the relevant filings, ECF No. 200, are granted in part and denied in part. The Clerk of Court shall maintain ECF Nos. 188 and 194–197 under seal, and by October 22, 2025, the parties shall re-submit their respective filings consistent with this Order.

Dated: October 14, 2025

Amit P. Mehta
United States District Judge