# NILES·BARTON&WILMER LLP

Trusted Legal Advisors Since 1838.

Michele Hayes Dinterman ♦ Partner
Direct Dial (410) 783 - 6428
Fax (410) 783 – 6474
Email mhdinterman@nilesbarton.com
Admitted to practice in Maryland, North Carolina,
Pennsylvania and District of Columbia

August 27, 2025

VIA ELECTRONIC MAIL
mrebibo@rexmark.com

UNION STATION INVESTCO, LLC
c/o REXMARK
Attn: Michael Rebibo
295 Madison Avenue, Suite 1200
New York, New York 10017

VIA ELECTRONIC MAIL
paul.kiernan@hklaw.com

HOLLAND & KNIGHT LLP
Attn: Paul Eiernan, Esquire
800 17th Street N.W., Suite 1100
Washington, District of Columbia 20006

## SECOND DEMAND

Re: New Tradition Inadvertent Payments to Union Station Investco, LLC
August 1, 2024        $375,000.00
September 3, 2024    $375,000.00
October 1, 2024       $375,000.00
Our File #            NewTraditions-075734

Gentlemen:

I am writing on behalf of our client, New Tradition Outdoor LLC, regarding an inadvertent payment made to Union Station Investco, LLC ("__USI__"). Specifically, our client mistakenly paid **$1,125,000** in rent for digital advertising screens at Union Station for the months of August, September, and October 2024.

This matter was brought to your attention by New Tradition on multiple occasions, including most recently on February 5, 2025, with a formal written demand for the return of the funds. However, we understand that you have referenced the Settlement Agreement between Amtrak and USI as a basis for not returning the payment. However, New Tradition was not a party to that Settlement Agreement. As such, the Settlement Agreement cannot affect New Tradition's right to recover the funds inadvertently paid to USI – that right is personal to New Tradition and cannot be unilaterally waived by Amtrak in the Settlement Agreement or otherwise.

Mr. Michael Rebibo
UNION STATION INVESTCO, LLC
   and
Paul Eiernan, Esquire
HOLLAND & KNIGHT LLP
August 27, 2025
Page 2 of 2

      The return of the funds is not a nuanced legal issue. *"Where one person receives money that in equity and good conscience belongs to another, an action will lie for 'money had and received'"* and the *"equitable doctrine of unjust enrichment is very similar."* <u>Credit Lyonnais-New York v. Washington Strategic Consulting Group</u>, 886 F. Supp. 92, 93 (D. D.C. May 12, 1995) (citations omitted). The court in Credit Lyonnais-New York granted summary judgement against the recipient of an inadvertent wire transfer when that recipient could point to no material issue of fact despite some vague insinuation that the recipient was owed the money under a contract with a third-party. *Id.* To the court, the circumstances surrounding the contract with a third-party simply was "not *material*" to the unjust enrichment issue. *Id.* Bottom line: Credit Lyonnais-New York was able to recoup the funds it inadvertently transferred.

      In this case, USI's rights to the License Agreement enabling New Tradition to sell advertising space on the digital advertising screens were transferred to Amtrak by court order on July 29, 2024.[1] Consequently, USI was not entitled to the payments made by New Tradition for the months in question, as New Tradition's obligation under the License Agreement was to make such payments to Amtrak and not USI. Indeed, as the successor Licensor under the License Agreement, Amtrak demanded and has received full payment from New Tradition for the same funds inadvertently paid to USI. **There is no legal basis for USI to retain the amounts inadvertently paid.**

      **Accordingly, we request that arrangements be made to return the $1,125,000 within seven (7) days of this communication.** We are confident that this matter can be resolved amicably and appreciate your cooperation. However, if arrangements to return the funds are not made within seven (7) days from the date of this communication, we will be forced to obtain a court order to recoup the funds and any other legally permissible amounts.

      Thank you for your attention to this matter. Please do not hesitate to reach out if you would like to discuss this further or require additional information.

                                                        Sincerely,

                                                        Michele Hayes Dinterman

MHD/JR:jdh
4909-2820-3363, v. 1

---

[1] *See* <u>National Railroad Passenger Corp. (Amtrak) v. Sublease Interest Obtained Pursuant to an Assignment and Assumption of Leasehold Interest made as of Jan. 25, 2007, with said property interest Pertaining to Described Leasehold Interests at Washington Union Station located at 50 Massachusetts Avenue, NE, Washington, D.C. 20002</u>, Case No. 1:22-cv-01043 (D. D.C.), ECF 111, 122.