UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. (AMTRAK) )<br>)<br>Plaintiff,                                  )<br>)<br>v.                                                )<br>)<br>SUBLEASE INTEREST PERTAINING TO DESCRIBED )<br>LEASEHOLD INTERESTS AT WASHINGTON )<br>UNION STATION, et al.                      )<br>)<br>Defendants.                                 )<br>) | 1:22-cv-01043-APM<br>Judge Amit P. Mehta |

**OPPOSITION OF LENDER DEFENDANTS TO MOTION OF NONPARTY NEW TRADITION OUTDOOR, LLC'S MOTION TO RECONSIDER**

Lender Defendants[1] request that the Court deny the "Motion to Reconsider the Limited Unsealing of the Settlement Agreement," filed by nonparty New Tradition Outdoor, LLC ("New Tradition"). (DE # 206). New Tradition does not have standing to seek reconsideration of an order granting in part the motion filed by nonparty Chipotle, and its motion has been mooted by the filing of the unsealed records. Even if New Tradition had standing to seek reconsideration, its motion does not satisfy the applicable standard for reconsideration under Rule 54.

**1. Movant does not have standing.** New Tradition's motion is brought under Rule 54(b), which governs motions to reconsider nonfinal decisions. The motion seeks reconsideration of an order granting in part and denying in part a motion filed by Chipotle regarding the unsealing of certain records filed by Lender Defendants and Amtrak (the "Order"). (DE# 204). The subject

---

[1] Lender Defendants include Kookmin Bank Co., Ltd., in its capacity as trustee of KTB CRE Debt Fund No. 8, a Korean Investment Trust, by its agent in Korea Daol Fund Management Co. and by its agent in United States Rexmark Holdings LLC d/b/a Rexmark, and Union Station Investco, LLC ("USI").

records were filed in support of cross-motions for the interpretation of the Settlement Agreement between Lender Defendants and Amtrak, which motions remain pending before the Court. New Tradition had not appeared in the case before the Order was issued and was not party to the motion or litigation before filing the motion for reconsideration.

Lender Defendants have not located a case holding that a nonparty has standing to move for reconsideration of a nonfinal order entered on someone else's motion before the nonparty has appeared in the case. In the situation of final judgments, courts "have routinely held that only parties have standing to bring motions for reconsideration under Rule 59(e)." *Givens v. Bowser*, 2023 WL 2645663 (D.D.C., March 26, 2023) (discussing standing of individuals to file motion for reconsideration after those individuals had been granted permission to appear as substituted plaintiffs for limited purpose), *aff'd in part, rev'd in part on other issues*, 111 F.4th 117 (D.C. Cir. 2024). Similarly, Rule 54(b) talks about the claims and rights of "the parties":

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Regardless of whether the Order is viewed under Rule 54 or Rule 59, the fact remains that New Tradition was not a party or movant at the time of entry of the Order for which it now seeks reconsideration. Accordingly, New Tradition does not have standing to seek reconsideration, and its motion should be denied.

**2. Nevertheless, the motion is moot.** After New Tradition filed its motion, the parties filed on the public record the subject documents as unsealed consistent with the Court's Order. In light of these filings, Lender Defendants asked New Tradition whether it would withdraw its motion as moot, but New Tradition confirmed that it would not.

However, the subsequent production afforded New Tradition the essence of the information sought by reconsideration, in particular the discussion about the release language and the course of the parties' dealings on that issue. Consistent with the Court's Order, the parties unsealed the portions of the document that related to the underlying dispute on the interpretation of the Settlement Agreement. Although the full text of the Settlement Agreement on other unrelated matters remains sealed, the information sought by New Tradition is now available to it, such that the Court should hold that the motion is moot.

**3. Movant has not established a basis for reconsideration.** Even assuming that New Tradition had standing or timely intervened in support of Chipotle's motion and that New Tradition's motion has not been mooted by the unsealed filings, New Tradition has not established a basis for reconsideration of the Court's Order. There has been no intervening change in the law, no submission of new evidence not previously available, and no clear error in the first order warranting reconsideration.

In *King & Spalding, LLP v. Dep't of Health & Human Servs.*, the plaintiff moved for reconsideration of an order in a FOIA case which had withheld the names of lawyers for a confidential source. The Court framed the analysis this way:

> Relief under Rule 54(b) may be granted "as justice requires." *See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). "Courts in this district interpret that abstract phrase narrowly, and will grant a motion to reconsider 'only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order."

395 F. Supp. 3d at 119-20 (citations omitted). Although the Court in that case concluded that it clearly erred in its first order, *id.* at 122, New Tradition has not satisfied the standard for reconsideration here.

<u>First</u>, there has been no intervening change in the law, and New Tradition does not assert

otherwise.

Second, the motion for reconsideration does not identify any new evidence not previously available to the Court when it entered the Order. New Tradition concedes that it stands in a similar position to Chipotle, namely that New Tradition made payments to USI after Amtrak took possession of Union Station and Amtrak did not credit New Tradition for those payments, resulting in a duplicate payment. (Motion at 2). In its motion, Chipotle articulated the position of such a tenant, and the position was before the Court when it ruled. New Tradition, moreover, seeks the same relief sought by Chipotle in its motion. In an attempt to meet this standard, New Tradition alleges that its motion provides "additional color," (*id.*), but there is nothing about New Tradition's purported evidence that expands the analysis from what was before the Court with Chipotle's motion. New Tradition has not identified how its position or arguments are materially different, much less newly discovered.

Third, although Lender Defendants opposed Chipotle's motion to unseal, it cannot be said that the Court clearly erred in its Order granting that motion in part. The Court worked through the *Hubbard* factors weighing in favor of sealing or of disclosure and concluded on balance that almost all of the designated records should be unsealed, preserving under seal only those materials that are not relevant to the parties' dispute as submitted to the Court for resolution. Regardless of whether Lender Defendants agree with the decision, the Court clearly acted within its discretion in reaching the decision. New Tradition has now had access to all of the unsealed information. New Tradition has not articulated a sound reason why the materials that remain under seal should be unsealed—much less a reason why the Court's decision to the contrary was clearly erroneous. Tellingly, the moving nonparty Chipotle has not sought reconsideration of the Order as clearly erroneous. At most, New Tradition is arguing that the Court should have reweighed the *Hubbard*

4

factors, (Motion at 3-4), not that the Court's weighing was clearly erroneous.

      Because New Tradition does not have standing to seek reconsideration of an order entered before it appeared in the case, because the disclosure of information moots the motion, and because New Tradition does not provide a sound argument about how the Court clearly erred, New Tradition's motion should be denied.

| | |
|---|---|
| */s/ Paul J. Kiernan* | */s/ Y. David Scharf* |
| Paul J. Kiernan | Y. David Scharf |
| HOLLAND & KNIGHT, LLP | Amber R. Will |
| 800 17th Street, N.W., Suite 1100 | *Admitted pro hac vice* |
| Washington, D.C. 20006 | MORRISON COHEN, LLP |
| Phone: (202) 663-7276 | 909 Third Avenue |
| Paul.Kiernan@hklaw.com | New York, New York 10022 |
| | ydscharf@morrisoncohen.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 31st day of October, 2025, I served a true and correct copy of the foregoing Opposition on counsel of record via the CM/ECF filing system.

                                                        /s/ Paul J. Kiernan

#529332223_v1