**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

    Plaintiff,

v.

SUBLEASE INTEREST OBTAINED
PURSUANT TO AN ASSIGNMENT AND
ASSUMPTION OF LEASEHOLD INTEREST
MADE AS OF JANUARY 25, 2007, *et al*.,

    Defendants.

Case No. 22-cv-01043 (APM)

**DECLARATION OF LINDSAY C. HARRISON**

I, Lindsay C. Harrison, declare as follows.

1.  I am a Partner at Jenner & Block LLP ("Jenner & Block" or the "Firm") and Managing Partner of the Firm's Washington, D.C. office. I have personal knowledge of the contents of this declaration or have knowledge of the matters based on my review of information and records gathered by Jenner & Block personnel, and I could testify thereto.

2.  I led the Jenner & Block team that represented Amtrak in this Enforcement Action, which arose out of a dispute over Amtrak's conduct following the parties' Settlement Agreement. Specifically, the parties cross-moved to enforce the Settlement Agreement regarding whether Amtrak's demands upon Union Station tenants for rents mispaid to Defendants between the Possession Date of July 15, 2024 and the final Settlement date of February 5, 2025 violated the Agreement.

3. On February 24, 2026, the Court granted Amtrak's Motion to Enforce Settlement Agreement and denied Defendants' corresponding motion. Section 5.7 of the Settlement Agreement provides that "[t]he prevailing party in the Enforcement Action shall be entitled to reasonable attorney fees, costs and expenses incurred in pursuing the Enforcement Action."

4. In support of this fee petition, I have included as Exhibit A a true and correct accounting of all billed time entries for this Enforcement Action for the period from March 2025 through March 2026. The time records attached as Exhibit A reflect work by the following Jenner & Block timekeepers:

| Timekeeper | Position | Hourly Rate | Hours / Amount |
|---|---|---|---|
| Lindsay C. Harrison | Partner | $1,028–$1,350 | 58.8 hrs / $70,644.00 |
| Jessica Ring Amunson | Partner | $1,190–$1,350 | 5.9 hrs / $6,451.60 |
| Alex S. Trepp | Partner | $837 | 5.7 hrs / $4,770.90 |
| Tanner J. Lockhead | Associate | $539 | 7.1 hrs / $3,826.90 |
| Fallon P. McDowell | Paralegal | $365–$465 | 10.9 hrs / $4,238.50 |
| Cheryl L. Olson | Paralegal | $429 | 1.8 hrs / $772.20 |
| **TOTAL** | | | **90.2 hrs / $90,704.10** |

5. The rates for certain timekeepers increased in October 2025, reflecting Jenner & Block's rate adjustment that took effect in Amtrak's new fiscal year. Specifically, my hourly rate increased from $1,190 to $1,350, Ms. Amunson's rate increased from $1,028 to $1,350, and Ms. McDowell's rate increased from $365 to $465, each effective for work performed on or after October 1, 2025. These rate adjustments were made in the ordinary course and were invoiced to and accepted by Amtrak consistent with the terms of the parties' engagement agreement.

6. The rates set forth in the table above are the rates that Jenner & Block actually charged to and received from Amtrak for work on this Enforcement Action. Amtrak is a sophisticated

institutional client that negotiated and accepted these rates through the normal course of the attorney-client relationship.

7. I am also familiar with billing rates for attorneys of similar skill, experience, and reputation in the Washington, D.C. legal market, and it is my professional judgment that the rates charged here are consistent with—and in many instances below—the rates charged for comparable work by attorneys of comparable seniority and experience in this market.

8. Indeed, these rates reflect a very substantial discount that Amtrak receives for our services. My undiscounted market rate in 2025 was $2,130 and in 2026 is $2,430; Ms. Amunson's undiscounted market rate in 2025 was $1,755 and in 2026 is $2,055; Mr. Trepp's undiscounted market rate in 2025 was $1,610 and in 2026 is $1,840; Mr. Lockhead's undiscounted market rate in 2025 was $1,175 and in 2026 is $1430; Ms. McDowell's undiscounted market rate in 2025 was $585 and in 2026 is $640; and Ms. Olson's undiscounted market rate in 2025 was $690 and in 2026 is $755.

9. The 90.2 hours reflected in Exhibit A were reasonably and necessarily incurred in connection with the Enforcement Action. The work performed included: researching the applicable contract interpretation principles; analyzing the Settlement Agreement and the parties' competing interpretations of Paragraph 2.4; drafting and revising Amtrak's Motion to Enforce Settlement Agreement and accompanying memorandum; preparing and filing the motion to file under seal and related sealing materials; reviewing and analyzing Defendants' competing Motion to Enforce and supporting declarations; drafting Amtrak's response thereto; researching and drafting the reply brief; drafting and revising the supporting declarations; and preparing for and participating in the May 27, 2025 status and enforcement hearing. The work was appropriately divided among partners with supervisory and drafting responsibilities, an associate providing

research and drafting support, and paralegals handling citation checking, filing logistics, and docketing coordination. Throughout, the team exercised billing judgment to exclude time that was duplicative, excessive, or otherwise not properly chargeable to this matter.

10. In my professional judgment, the fees set forth in Exhibit A are reasonable in amount. The rates are the actual rates charged to and paid by Amtrak—a sophisticated party that negotiated and accepted them at arm's length. The hours reflect lean, efficient staffing appropriate to the nature and scope of the Enforcement Action.

11. These amounts do not include any work in connection with the impending appeal of the Court's Order or the work done in connection with this fee petition, which we reserve the right to supplement once that work is complete.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 4, 2026, in Washington, DC.

*/s/ Lindsay C. Harrison*
Lindsay C. Harrison

4