**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | Case No. 22-cv-01043 (APM) |
| Plaintiff, | |
| v. | |
| SUBLEASE INTEREST OBTAINED PURSUANT TO AN ASSIGNMENT AND ASSUMPTION OF LEASEHOLD INTEREST MADE AS OF JANUARY 25, 2007, *et al.*, | |
| Defendants. | |

**DECLARATION OF PATRICIA McHUGH LAMBERT**

I, Patricia McHugh Lambert, declare as follows.

1. I am an attorney at Pessin Katz Law, P.A. ("Pessin Katz" or the "Firm"), with my principal office in the Firm's Towson, Maryland office. I have personal knowledge of the contents of this declaration or have knowledge of the matters based on my review of information and records gathered by Pessin Katz personnel, and I could testify thereto.

2. I served as counsel for Plaintiff National Railroad Passenger Corporation ("Amtrak") in connection with this Enforcement Action (as defined in the Memorandum) and the underlying condemnation litigation. In that capacity, I assisted with all phases of the cross-motion practice before this Court, including preparing for and attending the May 27, 2025 status and enforcement hearing; providing factual background, strategic input, and document support for Amtrak's Motion to Enforce Settlement Agreement; researching and drafting portions of Amtrak's response to Defendants' competing motion and the reply brief; drafting and revising witness declarations; and analyzing the Court's February 24, 2026 ruling.

3. On February 24, 2026, the Court granted Amtrak's Motion to Enforce Settlement Agreement and denied Defendants' corresponding motion. Section 5.7 of the Settlement Agreement provides that "[t]he prevailing party in the Enforcement Action shall be entitled to reasonable attorney fees, costs and expenses incurred in pursuing the Enforcement Action."

4. In support of Amtrak's motion for attorneys' fees, I have included as Exhibit A to this declaration a true and correct accounting of all time entries and costs incurred by Pessin Katz in connection with this Enforcement Action. I was the sole Pessin Katz timekeeper who billed compensable time in connection with the Enforcement Action. The fees and costs reflected in Exhibit A are as follows:

| Timekeeper | Position | Hourly Rate | Hours / Amount |
|---|---|---|---|
| Patricia McHugh Lambert | Attorney | $412.50 | 44.5 hrs / $18,356.25 |
| **TOTAL** | | | **44.5 hrs / $18,356.25** |

5. In addition, Pessin Katz incurred the following costs directly associated with the Enforcement Action:

| Date | Description | Amount |
|---|---|---|
| 06/09/2025 | Transcript fee – May 27, 2025 hearing (William Zaremba, #21CL0013) | $229.25 |
| **TOTAL** | | **$229.25** |

6. The rate set forth above—$412.50 per hour—is the rate actually charged to and received from Amtrak for my work on this matter. It is the rate recorded in Pessin Katz's time and billing system, invoiced to Amtrak, and paid by Amtrak through the ordinary course of the attorney-client relationship. Amtrak is a sophisticated institutional client that negotiated and accepted this rate at arm's length.

7.  I am familiar with billing rates for attorneys of similar skill, experience, and reputation in the Washington, D.C. and Maryland legal markets. In my professional judgment, the rate of $412.50 per hour is consistent with—and in many instances below—the rates charged for comparable work by attorneys of comparable seniority and experience in those markets. The rate reflects the nature and scope of the work performed, including the specialized factual knowledge of the underlying condemnation and settlement history that I brought to the Enforcement Action as a result of my ongoing representation of Amtrak in this matter.

8.  The 44.5 hours reflected in Exhibit A were reasonably and necessarily incurred in connection with the Enforcement Action. The work performed included: preparing for and attending the May 27, 2025 status and enforcement hearing; conducting and assisting with factual research concerning the history of negotiations and the misdirected rent payments at issue; drafting and revising Amtrak's motion to enforce and supporting memorandum; reviewing and analyzing Defendants' competing motion and supporting materials; researching legal issues for the reply brief and drafting portions thereof; drafting and revising fact declarations; and analyzing the Court's February 24, 2026 Order. Throughout, I exercised billing judgment to exclude time that was duplicative, excessive, or otherwise not properly chargeable to the Enforcement Action.

9.  In my professional judgment, the fees and costs set forth in Exhibit A are reasonable in amount. The hours reflect focused, efficient work directly tied to the Enforcement Action briefing and hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2026, in Towson, Maryland.

*/s/ Patricia McHugh Lambert*
Patricia McHugh Lambert

3